[Civ. No. 553. Fifth Dist. May 20, 1966.]

REXROTH AND REXROTH, INC., Plaintiff and Appellant,
 v. GENERAL CASUALTY COMPANY OF AMERICA,
 Defendant and Respondent.

King, Eyherabide, Cooney & Owen and Stephen Eyherabide for Plaintiff and Appellant.

Conron, Heard, James & Hamilton and Calvin H. Conron, Jr., for Defendant and Respondent.

STONE, J.—Appellant brought this action against respondent surety company to recover the cost of labor and materials furnished in constructing subdivision "streets and roads" at the request of subdivider Schian. The County of Kern agreed with Schian to approve and accept his proposed subdivision map in return for Schian's agreement to construct streets and roads according to the map, with the proviso that he post a surety bond "as prescribed by law" to guarantee completion of the subdivision.

Applicable "law" prescribing a bond consisted of the Subdivision Map Act as it existed in 1956 (Bus. & Prof. Code, §§ 11500-11628) and a Kern County ordinance fashioned after the Subdivision Map Act. Both required the subdivider to furnish a performance bond running to the public entity concerned, in this case the County of Kern. In compliance, subdivider Schian and his wife, as principals, and respondent, as surety, executed a performance bond assuring that Schian,

as contractor, would perform the covenants and agreements of the subdivision contract.

On the reverse side of the performance bond, Schian and his wife, as principals, and respondent, as surety, entered into a "Material and Labor Bond" as follows:

"Bond No. 344488

Premium included in the
Performance Bond.

### MATERIAL AND LABOR BOND

KNOW ALL MEN BY THESE PRESENTS: That we GENERAL CASUALTY COMPANY OF AMERICA as surety, and HARVEY G. SCHIAN AND OLIVIA A. SCHIAN as principals, are held and firmly bound unto the County of Kern, in the sum of ELEVEN THOUSAND AND No/100—dollars ($11,000.00), said sum being one-half of the estimated amount of the foregoing and annexed contract, to be paid to said County, for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, successors or assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH:

That if the above bounden principal, as Contractor in the annexed contract or his subcontractors, shall fail to pay for any materials, provisions, provender, or other supplies or teams used in, upon, for or about the performance of the work contracted to be done, or shall fail to pay any person, company or corporation renting or hiring teams or implements or machinery for or contributing to said work to be done, or any person who has performed work or labor upon the same, or any person who supplies both work and materials therefor, or the amounts due under the employment Insurance Act with respect to such work or labor, the surety will pay for the same, in an amount not exceeding the above obligation, and also, in case suit is brought upon such bond, the above bounden principal and the said surety will pay a reasonable attorney's fee to be fixed by the court. This obligation and bond shall inure to the benefit of any and all persons entitled to file claims under Section 1184c of the Code of Civil Procedure and said persons or any of them, or their assigns shall have a right of action thereunder.

IN WITNESS WHEREOF, we have hereunto set our hands and seals . . . ."

Appellant, who was not paid for labor and material furnished on Schian's subdivision, brought this action against respondent as surety on the bond. The trial court found the material and labor bond to be a statutory bond executed pursuant to a Kern County ordinance and to the Subdivision Map Act of the State of California, both of which required only a performance bond. The court also found there was no consideration for the bond, that appellant did not come within the class of persons protected by the bond, and that appellant failed to comply with the provisions of Code of Civil Procedure section 1190.1.

Appellant argues that Schian obtained the material and labor bond voluntarily, not at the request of the County of Kern, and that although it was not required by law, neither was it prohibited by law. To state the proposition somewhat differently, the import of appellant's argument is that simply because the County of Kern could not require Schian to furnish a material and labor bond by law, the fact that he did furnish one does not, ipso facto, render it void. Affirmatively, appellant asserts the material and labor bond was a common-law bond and the premium paid by Schian included the cost of the material and labor bond as well as the performance bond.

The question of consideration, although preliminary, is vital, so we dispose of it first. By deposition, the Northern California district manager of respondent testified, as the bond itself recites, that the material and labor bond premium was included as part of the premium for the performance bond; that is, when writing a performance bond for $22,000, as here, for no additional premium the company will also write a material and labor bond for half the principal of the performance bond, here $11,000. The trial court originally took the view that payment of premium constituted consideration, at least his memorandum opinion filed prior to the findings and judgment specified there was no merit to this affirmative defense. For some unexplained reason the findings relate there was no consideration. The trial court was right in the first place. There is no evidence to support the finding of lack of consideration, in view of the language of the bond and the uncontradicted testimony of respondent's district manager.

Respondent argues the bond was obtained to meet the requirements of an ordinance of the County of Kern and of the

Subdivision Map Act, while appellant argues that Schian wished to protect those who might furnish labor and material for his subdivision; yet neither side introduced extrinsic evidence of the circumstances surrounding the execution of the bond. It is just as probable that an enthusiastic bonding agent advised Schian he could protect laborers and materialmen with a material and labor bond at no extra cost. ▪ In short, in the absence of evidence, the reason the bond was obtained remains pure speculation and has no place in this case. The question of respondent's liability must be determined from the four corners of the document.

Appellant cites a number of cases upholding the validity of common-law material and labor bonds, while respondent, on the other hand, cites a number of cases strictly construing statutory performance bonds limiting recovery to indemnification of the public entity to whom the bond runs.

▪ Our case is novel in that we are confronted by an express material and labor bond executed contemporaneously with and in addition to a performance bond, when by statute only a performance bond was required. Respondent's argument that both bonds are one and the same thing, that is, each is a part of a single performance bond, does not square with the plain language of the two writings. One is entitled "Bond for Faithful Performance of Contract," and assures the County of Kern that the contract will be completely performed. The other is entitled "Material and Labor Bond," and provides that if Schian, the principal, as contractor, fails to pay any person who supplies both work and materials, "surety will pay for the same."

The language of the bond before us differs materially from that of bonds construed in cases cited by respondent. In those cases attempts were made to enlarge the language of performance bonds to include by implication the reimbursement to third persons who furnished labor and material in performance of the subdivision contract. The court in each case limited the surety's liability by strictly construing the language of a performance bond in the light of the statute pursuant to which it was furnished.

Respondent points out that the bond, here, was executed in 1956 and it was not until 1961 that the Legislature amended the Subdivision Map Act to enable a public entity to require a material and labor bond in addition to a performance bond. Thus, respondent relies upon cases prior to 1961, leaning

most heavily upon *Evola* v. *Wendt Constr. Co.*, 170 Cal.App. 2d 21 [338 P.2d 498]. In that case a bond was furnished pursuant to a Contra Costa County ordinance requiring a subdivider to give a cash or surety bond "to guarantee full payment of the cost of all required improvements and to be in lieu of any 'performance' bond otherwise required by law." Both parties conceded it was a statutory bond executed pursuant to the county ordinance and the sole question was whether the language of the ordinance required an undertaking that was tantamount to a material and labor bond running in favor of third party labor and material claimants. The court held the undertaking constituted a performance bond only, primarily because the Subdivision Map Act at that time did not empower a political subdivision of the state to require a material and labor bond as a condition to subdivision development. Liability could not be predicated upon a county ordinance that exceeded the express statutory authority vested in the county.

Unlike *Evola*, one of the parties here, the appellant, does not concede that the material and labor bond was a statutory bond nor that its validity depends upon interpretation of the county ordinance. Furthermore, there was no extrinsic evidence indicating that the county, in excess of its authority, demanded a material and labor bond, or that Schian obtained it in order to comply with the Kern County ordinance or the Subdivision Map Act. ■ Thus, the critical question is whether a common-law bond given by a subdivider to the county for the benefit of materialmen and laborers is void because the county could not require it. We think not. The bond itself is not contrary to public policy, a fact manifest from the 1961 amendment to the Subdivision Map Act providing for the very bond that is here questioned.

Liability for material and labor under a common-law material and labor bond, and limited liability under a statutory performance bond, are distinguished in *Morro Palisades Co.* v. *Hartford Acc. & Indem. Co.*, 52 Cal.2d 397, wherein the court said, at page 402 [340 P.2d 628] : "We recognize that in *Christie* v. *Commercial Casualty Ins. Co.* (1935) 6 Cal.App.2d 710, 714 [1] [45 P.2d 263], it was held that a laborer (the foreman of the construction work) could recover unpaid wages on a public works performance bond. But there the bond was conditioned 'to secure the payment of all work and labor "of any kind" performed in the course of the con-

struction of the roadway' and the court held ` that 'The language of the bond leaves no doubt it was furnished for the direct benefit and protection of those who perform work or supply materials for the roadway in accordance with the contract, although they may not be parties to that instrument.' The bond in issue here is conditioned for the benefit of the obligee county and by no possible view of its language can it be held to have been 'furnished for the direct benefit and protection' of the principal (the subdivider) or other landowners in the tract.''

We conclude that since there is nothing in the record indicating that the material and labor bond was written under the compulsion of the county, there is no reason why it is not a valid common-law bond. It is said, in 8 California Jurisprudence, Second Edition, Bonds, section 7, page 569, that: ''There are no specific rules controlling the obligation of a common-law bond, though the general principles governing contractual obligations apply. Therefore, the parties are limited only in that the bond must not violate public policy or positive statutory provision. Whatever obligation the principal and the sureties or obligors may see fit to enter will depend on the transaction in the course of which the bond is given. The same is true of the conditions. The parties may choose the liability to which they wish to bind themselves, and it is competent for them to insert such conditions as they desire, that is, to make contracts that shall be operative only in a particular event.''

Respondent's contention that appellant cannot recover on the bond because it failed to comply with any of the mechanics' lien statutes is irrelevant, since this is not an action to foreclose nor to enforce a mechanics' lien as such. Appellant seeks to recover on a contract, a common-law bond, as a third-party beneficiary.

Also, respondent asserts that appellant does not come within the class specified in the final sentence of the bond, which reads: ''This obligation and bond shall inure to the benefit of any and all persons entitled to file claims under Section 1184c of the Code of Civil Procedure and said persons or any of them, or their assigns shall have a right of action thereunder.'' The code section referred to was repealed five years before the bond was written but, in any event, we do not construe these as words of limitation or descriptio personae, but designation of a special class within the larger class of

beneficiaries covered by the bond. The beneficiaries are those who furnish labor and those who furnish materials. To hold otherwise would destroy the intent of the parties as reflected by the bond when read in its entirety. (8 Cal.Jur.2d, Bonds, § 35, p. 616.)

Moreover, the mechanics' lien statutes were not enacted for the purpose of circumscribing the procedure by which persons enhancing property to the benefit of others might enforce their just claims. This is made clear by Code of Civil Procedure section 1200, referring to mechanics' lien actions: "Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished, or furnishing appliances, teams, or power contributing to any work of improvement to maintain a personal action to recover said debt against the person liable therefor . . . ."

The mechanics' lien laws provide an alternative method of proceeding which is cumulative and not exclusive. An action to foreclose a lien under the mechanics' lien statutes does not preclude a personal action against the purchaser of materials. (*Wm. J. Bettingen Lumber Co.* v. *Kerrin*, 99 Cal.App. 686 [279 P. 163] ; *Culbertson* v. *Cizek*, 225 Cal.App.2d 451, 468 [37 Cal.Rptr. 548].) Neither does it preclude an independent action on a bond by which the surety guaranteed payment of labor and material bills.

The argument of respondent that as surety it was assuring only the County of Kern against the payment of labor and material bills is belied by the language of the bond itself. Schian and his wife are named principal and contractor in the bond. Respondent, as surety, agreed to pay for materials, supplies, etc. in the event the contractor failed to make such payments. Clearly, materialmen and laborers are contemplated as third-party beneficiaries. By arguing that as surety it incurred no liability under the bond because the laborers and materialmen could not enforce their claims against the county, respondent imputes to itself an intent to write a void bond and to solemnly reduce to writing a complete nullity.

As a bonding company, respondent must be presumed to have known that the performance bond it issued concurrently with the material and labor bond was alone sufficient to protect the County of Kern. Further, it must be presumed that the bonding company knew that mechanics' liens could not be filed by those who would furnish labor and material for

improving streets and alleys dedicated to the County of Kern.

The absence of extrinsic evidence leaves without support this unnatural intent which would amount to duplicity if the surety intended to issue a bond under which it was impossible to incur liability. The critical fact is that by the language of the bond, respondent surety does not agree to protect either Schian as contractor-principal or the county *against liens,* but to pay persons who supply material or labor if the contractor-principal fails to pay them. Therefore we are impelled to conclude that the purpose and the intent of both Schian and respondent surety in executing the material and labor bond was to protect persons who it was anticipated would provide labor and material to Schian as contractor in the improvement of the subdivision property.

There remains the question whether appellant, who was not a party to the material and labor bond, can maintain an action upon the instrument. The general law of contracts governs a common-law bond, and a third-party beneficiary can recover upon a common-law contract. As pointed out in 8 California Jurisprudence, Second Edition, Bonds, section 8, pages 572-573: "The obligee named in the bond is usually the party who may claim the obligation on the instrument. *But, in certain cases, other persons may also have a right to bring action.* An action may be brought, for example, on an official bond, by any person who may be injured or aggrieved by a wrongful act of the bonded officer in his official capacity; on the bond of a motor club, by persons injured by the club with respect to the selling or rendering of services; and *on a contractor's bond, by materialmen and laborers."* (Italics added.)

Civil Code section 1559 provides that "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

In *Calhoun* v. *Downs,* 211 Cal. 766 [297 P. 548], the Supreme Court upheld the right of a third-party beneficiary not a party to an agreement, to enforce it as a contract. In an action to collect a commission for the sale of real estate, the court said, at pages 770-771: ". . . , Ahlborn agreed to pay any commission which might be claimed by any person 'because of the sale of the herein described property'. It is true that this agreement was not made with the plaintiff. It cannot be said, however, that it was not made for his benefit.

If made for his benefit, although he was not a party to the agreement, he may recover thereon.'' (See also *R. J. Cardinal Co.* v. *Ritchie*, 218 Cal.App.2d 124, 135 [32 Cal.Rptr. 545] ; *Watson* v. *Aced*, 156 Cal.App.2d 87, 91 [319 P.2d 83] ; Corbin on Contracts, §§ 798-802, pp. 162-185.)

In summary, we have before us two bonds, one a performance bond which was required both by statute and by ordinance, the other a material and labor bond required under neither statute nor ordinance, but a valid common-law bond nevertheless. We hold that appellant may recover as a third-party beneficiary who furnished material and labor within the purview of the bond.

The judgment is reversed.

Conley, P. J., concurred.

A petition for a rehearing was denied June 15, 1966, and respondent's petition for a hearing by the Supreme Court was denied July 13, 1966.