Opinion
FREDMAN, J.
This appeal focuses on the liability of defendant Surety Company of the Pacific (hereafter Surety) for attorney’s fees awarded plaintiff in her action against defendant Arnold R. Thomas (hereafter Thomas).
On June 8, 1971, Surety issued its “Contractor’s Bond” to Thomas pursuant to the provisions of section 7071.5 et seq. of the Business and Professions Code.[1] On June 14, 1971, Surety issued a like bond in favor *Supp. 26 of defendant Lee C. Thompson, listed therein as the qualifying employee on Thomas’ contractor’s license. After amendment to the bonds in 1972 to conform to amendments to the law, the penal sum was increased to $2,500 each. Thus, at the time of commencement of this litigation in municipal court on May 27, 1975, the afforded protection to Thomas and Thompson as principals aggregated $5,000.
On November 9, 1973, plaintiff Mary L. Boliver entered into a written agreement with Thomas for the construction of a four bedroom home pursuant to plans and specifications referred [2] Claiming a failure of completion and substantial defects in the construction work done, plaintiff commenced this action on April 28, 1975, in municipal court, naming as defendants Thomas, Thompson and Surety, and incorporating the aforementioned contractor’s bond by reference. The complaint was based on breach of the contract alone, did not allege fraud, and sought attorney’s fees.
After trial, the municipal court filed its memorandum of decision on January 5, 1976, which memorandum was incorporated into the settled statement on appeal.[3] Pursuant thereto the court found: (1) against *Supp. 27 defendant Thomas for $4,000 plus $1,000 attorney’s fees; (2) against defendant Thompson for $2,395 plus $1,000 attorney’s fees; (3) against defendant Surety for $2,395 plus $1,000 attorney’s fees.
The sole appellant, Surety, directs our attention to three areas of disagreement with the municipal court’s decision:
(1) The disciplinary provisions of the Contractor’s License Law cannot be utilized to collect a debt;
(2) Surety cannot be made liable for attorney’s fees as it is not within the class of persons affected by Civil Code section 1717; and
(3) The award of attorney’s fees unfairly infringes on the rights of competing and future bond claimants..
In rejecting these contentions and affirming the judgment of the municipal court the points adverted to will be examined in order.
(1) Plaintiff’s Rights Are Derived From Contract And Not From Disciplinary Provisions Of The License Law
Plaintiff is a direct, intended beneficiary of the bonding contract between the contractor, his responsible managing employee Thompson, and Surety. Civil Code section 1559 provides: “A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.” It is not necessary that an express beneficiary be specifically identified in the contract; he may recover on it if he can show that he is one of a class of persons for whose benefit it was made. (Rexroth & Rexroth Inc. v. General Cas. Co. (1966) 242 Cal.App.2d 363 [51 Cal.Rptr. 505].)
Surety agrees that the bond in question was issued pursuant to section 7071.5 of the Business and Professions Code. The section cited provides in part “.. . Such contractor’s bond . .. shall be for the benefit of (a) any person damaged as a result of a violation of this chapter by the licensee, (b) any person damaged by fraud of the licensee in the execution or performance of a contract. . . .” In addition, the express wording of the bond itself, as set forth above (fn. 1) restates the statutory guidelines as a condition for recovery by the designated class of beneficiaries.
*Supp. 28 Surety does not attack the trial court’s finding that the contract between Thomas and plaintiff was breached directly by Thomas, and thereby vicarious responsibility attached to Thompson. Thomas’ acts and omissions are clearly within the purview and ambit of article 7 of chapter 9, (commencing at § 7090) of the Business and Professions Code. Appellant has not challenged the trial court’s finding that the acts of Thomas were fraudulent as to plaintiff, despite the lack of allegations of fraud in the pleadings:
Faced with the express statutory language of section 7071.5 and the terms of the bonding agreement itself, Surety’s reliance on Swickheimer v. King (1971) 22 Cal.App.3d 220 [99 Cal.Rptr. 176], is inapposite. Its facts are not in accord with those here. In Swickheimer recovery was sought directly against a licensed managing employee of a contractor for breach of contract. In the matter at bench the action is premised on the contractual and statutory liability of Surety on a bond issued for the direct benefit of plaintiff. No complaint is made here of the judgment against defendant Thompson by Surety, and Thompson himself has not appealed from the judgment against him. Plaintiff’s rights against Surety were clearly derived from the contract itself and section 7071.5, and liability resulted therefrom rather than any disciplinary violation of article 7 of the contractor’s law by Thomas or Thompson.
(2) Surety Is Liable For Attorney’s Fees Even Though Civil Code Section 1717 Is Not Applicable To It
Surety contends that it cannot be held liable for the attorney’s fees awarded against it by the trial court in the absence of either a contract or statute providing for such remedy. Respondent Boliver relies on section 1717 of the Civil Code as a basis for the trial court’s award of fees.
A. Surety is Not Directly Liable for Attorney’s Fees by Virtue of Civil Code Section 1717
The construction contract between plaintiff Boliver and Thomas had a unilateral attorney’s fees clause (fn. 2) for the sole benefit of Thomas. The contractor’s bond contained no provisions for fees. In enacting section 1717 of the Civil Code the Legislature sought to eliminate the unfairness of unilateral provisions for attorney’s fees by making their enforcement reciprocal.[4] (Coast Bank v. Holmes (1971) 19 Cal.App.3d *Supp. 29 581 [97 Cal.Rptr. 30]; System Investment Corporation v. Union Bank (1971) 21 Cal.App.3d 137 [98 Cal.Rptr. 735]; International Industries Inc. v. Olen* (Cal.App.).)
Plaintiff Boliver was clearly entitled to the benefits of section 1717 and the judgment in her favor properly included an award of fees for her attorneys. However, Surety entered into no contract with the homeowner. It correctly contends that it cannot be held accountable for fees pursuant to section 1717 unless it was a party to an agreement containing some arrangement for the award of fees to one of the parties. Surety relies on section 1021 of the Code of Civil [5] and Arnold v. Browne (1972) 27 Cal.App.3d 386 [103 Cal.Rptr. 775].
In Arnold v. Browne the scope of Civil Code section 1717 was limited to parties “to the contract” and not enlarged to include “parties to litigation involving attorney’s fees clauses.” The distinction, and extension, of this rule applied in Babcock v. Omansky (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512] cited by respondent is likewise inapplicable here. As explained in Schlocker v. Schlocker (1976) 62 Cal.App.3d 921, 923 [133 Cal.Rptr. 485] “In that case (Babcock v. Omansky) the defendant’s wife (who was awarded fees) was sued on allegations that, although not a signatory of the contract, she was liable thereon because of a joint venture between her and her defendant husband, who had signed the document in question. In other words, the wife was sued on an alleged contractual liability.” No assertion is made here that Surety was a coventurer, agent or partner of Thomas. It is neither wise nor appropriate to further expand the benefits of Civil Code section 1717 to ensnare guarantors or other nonsigners of the contract who become parties to litigation as a result of corollary transactions or agreements.
*Supp. 30 B. Surety’s Liability on the Bond Incorporates the Attorney’s Fees Obligation of Contractors
Although foreclosed from collection of attorney’s fees from Surety pursuant to Civil Code section 1717, another avenue is available to respondent in pursuit of her remedies. This involves an examination of the basic principles of suretyship law underlying Surety’s contractual obligations.
Initially, Surety disclaims applicability of such principles to the statutory bond issued by it pursuant to Business and Professions Code section 7071.5. However, no distinction properly should be made, as contended, that a statutory license bond, such as that issued here, is of a different species than other typical bonds such as performance bonds, of labor and material bonds. All are of the same genre.
“A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another....” (Civ. Code, § 2787.)
While the statute, Business and Professions Code section 7071.5, and the contract at bench also include words of indemnity (“reimburse and hold harmless”), it is well established that such verbiage will not destroy the contract as an agreement of surety. (Mahana v. Alexander (1927) 88 Cal.App. 111 [263 P. 260]; Cal. Surety and Fidelity Bond Practice (Cont.Ed.Bar 1969) pp. 9, 10.) As indicated in the cited text, “... a surety may offer any number of different kinds of protection to an obligee, and may condition and circumscribe its obligation in any manner acceptable to the obligee or required by statute; this may take the form of a promise to perform the contract if the principal fails to do so, or it may take the form of an indemnification against loss or liability through failure of the principal to perform; but it is all suretyship as long as the surety is answering for the debt or default of another person who is primarily responsible to the obligee.” The bond before the court is patently a surety bond and is to be governed by the law of surety.
California has defined the obligation of a surety: “When one assumes liability as surety upon a conditional obligation, his liability is commensurate with that of the principal . . . .” Civil Code section 2808; “The obligation of a surety must be neither larger in amount nor in other respects more burdensome than that of the principal. . . .” (Civ. Code, § 2809.) In this case the decreed liability of the principals Thomas and Thompson included an attorney’s fee assessed by the court at $1,000 *Supp. 31 each. If the obligation of Surety is commensurate with that of each of the principals, it properly should include their burden of attorney’s fees as well as the basic liability.
In Cohn v. Smith (1918) 37 Cal.App. 764 [174 P. 682], a contractor as principal, and defendants as sureties, executed a bond in favor of plaintiff-owner saving him harmless from all damages arising out of a building contract. The contract between owner and contractor did not have an attorney’s fees clause. Certain lien claims were filed against the premises and not satisfied by the contractor. Judgment was rendered in favor of the owner for the amount required to pay the lien claims and for owner’s reasonable attorney’s fees in contesting the action against him by lien claimants. The court held: “ ‘The contractors failing to perform their covenant, plaintiff’s only course of safety was to secure a release of his property by proceedings in court. To accomplish this result it was necessary to employ an attorney to represent him in such actions as were brought to enforce the liens.’ The reasonable amount paid to his attorneys for those services was a direct and proximate damage resulting from the contractor’s breach of his contract, and of a covenant thereof for which the bond was security.”
Grace v. Croninger (1922) 56 Cal.App. 659 [206 P. 130], involved a suit against a guarantor to recover rent due under a lease. The case is analagous to that before this court in that the basic lease had an attorney’s fees clause in favor of the landlord. The guarantee included no such provision. The court interpreted section 2808 of the Civil Code as determinative of the issue and found that the liability of the guarantor thereunder was commensurate with that of the tenants, and found the guarantor liable for attorney’s fees.
In the foregoing text, California Surety and Fidelity Bond Practice, supra, page 72, the authors state: “If the principal contract provides that the owner is entitled to attorney’s fees if he successfully sues the contractor, he may recover attorney’s fees incurred in a successful suit against the surety on the contractor’s bond.”
Counsel have cited no applicable California precedents construing or interpreting Business and Professions Code sections 7071.5 and 7071.11 in conjunction with the factual posture presented by this case. They allege it to be a case of first impression in this jurisdiction.
*Supp. 32 Other courts, both state and federal, have dealt with the problem. Almost uniformly, when confronted with the elements of this case—(a) a construction contract, (b) providing for attorney’s fees to the successful litigant,[6] (c) supported by a contract of surety with a third party, (d) which surety contract does not specifically provide for the surety’s liability for attorney’s fees—they impose liability for attorney’s fees— they impose liability for attorney’s fees upon the surety. Such liability is grounded upon several distinctive legal theories. Some courts ground the obligation on general equitable principles, others utilize the law of contracts prevailing in the jurisdiction. However, a majority of jurisdictions rely on general principles of surety law similar to that delineated in Civil Code sections 2808 and 2809, supra. Exemplars of such diverse applications are the following: State ex rel. Grinnell Co. v. E. H. White Co. (1960) 224 Ore. 483 [356 P.2d 943]; Dale Benz Inc., Contractors v. American Casualty Company (9th Cir. 1962) 303 F.2d 80; Ferrier Brothers v. Brown (Tex.Civ.App. 1962) 362 S.W.2d 181; D & L Construction Company v. Triangle Elec. Supply Co. (8th Cir. 1964) 332 F.2d 1009; National Union Fire Ins. Co. of Pittsburg, Pa. v. D & L Construction Co. (8th Cir. 1965) 353 F.2d 169; City of Grandview, Missouri v. Hudson (8th Cir. 1967) 377 F.2d 694.
We find no basis for departing from the general principles of suretyship law as pronounced in the early California cases, our legislative scheme, or as enunciated by the sister jurisdictions which have considered the issue. Surety’s liability in the premises is prescribed by a harmonious consideration of the referenced Civil Code sections, and the Business and Professions Code sections, all of which manifest their remedial purpose of rendering whole the owner who contracts in reliance on a surety bond. Integration of the legislative purpose with the parties’ contractual intent imposes liability for attorney’s fees upon Surety.
C. Business and Professions Code Section 7071.11 Does Not Preclude an Award of Attorney’s Fees Against Surety.
The sixth paragraph of Business and Professions Code section 7071.11 provides, “Legal fees may not be charged against the bond or cash deposit by the board.” To construe this provision as exempting Surety from liability for attorney fees herein would require a strained construction of the statutory verbiage. If the section read, “Legal fees may not be charged against the bond (by the surety) or the cash deposit by the *Supp. 33 board,” it might then be interpreted as exempting both surety bonds and cash deposits in lieu of bonds from diminution by judgments or administrative determinations as to contractors’ liability under the procedure established by the section. But the Legislature chose not to add the three words, “by the surety,” and as the statute is now written it must be interpreted that the Contractors State License Board may not charge for its legal fees in enforcing the disciplinary or bonding provisions of the act, and particularly section 7071.11 therein.
Where a statute is susceptible of two constructions, the one that leads to the more reasonable result will be followed. (Metropolitan Water District v. Adams (1948) 32 Cal.2d 620 [197 P.2d 543]; Atherton v. Templeton (1961) 198 Cal.App.2d 146 [17 Cal.Rptr. 680].) When not jurisdictional in their nature, remedial statutes of doubtful meaning must be liberally construed to effect their objects and suppress the mischief at which they are directed. They should not be given a strained construction that might impair their remedial effect. (45 Cal.Jur.2d, Statutes, § 182; California Grape etc. v. Industrial Welfare Comm. (1969) 268 Cal.App.2d 692, 698 [74 Cal.Rptr. 313].)
The purpose of the bonding provisions of the contractors’ law being to remedy the losses sustained by owners due to the improper or fraudulent activities of contractors, we hold that, as now written, section 7071.11 does not exempt Surety from payment of the fees claimed here.
(3) Competing and Future Bond Claimants Are Not Prejudiced by the Payment of Attorney’s Fees
Surety contends that, by allowance of attorney’s fees in this case, the amount available for payment to competing or future claimants will be diluted to their prejudice.
First, there was no proof in the court below that there were conflicting claimants. If the aggregate sum of such conflicting claims exceeds the penal amount of the bond, the statute provides for proportionate distribution among all claimants. (Bus. & Prof. Code, § 7071.11, 1st par.) Even had there been competition among claimants, under the statutory scheme each would have the opportunity to make demand on the bond or deposit in the total or gross amount of their several claims. The statute does not distinguish between different types of claims, or segregate those including interest, court costs, attorney’s fees, or punitive damages, for distinctive treatment. Had the Legislature intended such a result, it could *Supp. 34 have molded the statute accordingly. As to future claimants, the statutory scheme sets forth no time schedule or limitation period, nor does it require the surety or board to await passage of a specific amount of time before payment is made to the claimant. As there has been no evidence of the existence of future claimants, further discussion of Surety’s point in this regard is rendered futile by its speculative nature.
Second, it is asserted that the amount of the judgment, together with attorney fees, exceeds the penal sum of the bond. Section 7071.11 specifically states, “The aggregate liability of the surety for all claims of said persons shall, in no event, exceed the penal sum of said bond.” The judgment against Surety was in the sum of $2,395, together with attorney fees in the sum of $1,000. While the total amount of $3,395 did exceed the $2,500 penal sum of each bond, it was not greater than the aggregate penal sums of both bonds. Surety’s position in this regard is refuted by reference to section 7071.10 of the Business and Professions Code. This section provides for double coverage for claims such as the one before the court where the licensed contracting business is under the guidance of a licensed managing employee, other than the proprietor, a partner, or a responsible managing office*;. None of these exemptions being applicable here, the aggregate penal sum of $5,000 is the amount available for satisfaction of plaintiff’s claim against Surety.
Conclusion
For the foregoing reasons, we conclude that it is appropriate and proper to allow recovery of attorney’s fees against the surety on a contractor’s bond issued pursuant to Business and Professions Code section 7071.5, where as here, the beneficiary on the bond has a statutory or contractual right to such fees from the principals thereof.
The judgment in the trial court is affirmed.
Kirkpatrick, P. J., and Woolpert (H. E.), J. concurred.

 These bonds provided in pertinent part as follows: “NOW, THEREFORE, the conditions of the foregoing obligation are that if the above person or firm shall:
(1) —Fully repay, reimburse and hold harmless any person damaged as a result of the violation of Chapter 9 of the Business and Professions Code of the State of California.
(2) Reimburse any person damaged by the fraud of said Principal in the execution of *Supp. 26 any contract between the Principal as a licensee and such person or by fraud in the performance of any construction work called for in said written contract; and . . . then this obligation shall be null and void; otherwise to remain in full force and effect....” “PROVIDED HOWEVER, This bond is issued subject to the following express conditions:
... (3) Any person damaged as a result of a violation by the licensee of Chapter 9 of Division 3 of the Business and Professions Code of the State of California, any person who, upon entering into or after execution and upon performance of a construction contract is damaged by the fraud of the licensee in the execution or performance of that contract,... may bring an action on this bond ....”

 The construction contract had the following provisions in it regarding attorney’s fees and costs: “In the event that it becomes necessary to institute suit or to employ an attorney to collect any payment or payments due the undersigned for labor or materials furnished under this agreement or any modification thereof, then you shall be liable to the undersigned for court costs and attorney fees; said attorney’s fees shall be in an amount equal to one-third of the amount for which recovery is prayed.”
The “undersigned” referred to was Thomas, the “you” was directed to plaintiff.

 The rationale of the decision, as expressed in the memorandum was as follows: “The testimony at trial and the exhibits introduced prove to the satisfaction of the court that the defendant Arnold R. Thomas failed and refused to construct the home contracted for in a competent and workmanlike manner; and that he still refuses to do so even though his failures have been repeatedly brought to his attention. Such repeated failures coupled with plaintiff’s obvious disadvantage and his promise to fix the defects provided the plaintiff sign the notice of completion constitute fraud on the plaintiff. . . Defendant Thompson ... failed and refused to do anything, when as the R.M.E. he had a plain duty to see that the defects were corrected. . . The Surety Company was made aware of the problem and chose to do nothing. The defendant Thomas committed fraud on plaintiff and the Surety is liable to the plaintiff for the fraud____”

 Section 1717 Civil Code: “In any action on a contract, where such contract specifically provides that attorney’s fees and costs, which are incurred to enforce the provisions of *Supp. 29 such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to costs and necessary disbursements.
“Attorney’s fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney’s fees is void.
“As used in this section ‘prevailing party’ means the party in whose favor final judgment is rendered.”

 Section 1021 Code of Civil Procedure: “Except as attorney’s fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided.”

 Reporter’s Note: Hearing granted. See 21 Cal.3d 218 for Supreme Court opinion.

 In some of the decisions the liability for attorney fees is based on a statutory consideration rather than the express terms of the contract between the parties.