[No. F062096. Fifth Dist. June 22, 2012.]

TRENTON PIERCE, Plaintiff and Respondent, v.
WESTERN SURETY COMPANY, Defendant and Appellant.

COUNSEL

Law Office of John L. Fallat, John L. Fallat and Timothy J. Tomlin for Defendant and Appellant.

Kemnitzer, Barron & Krieg, William M. Krieg and Eric M. Kapigian for Plaintiff and Respondent.

OPINION

**KANE, J.**—Vehicle Code[1] section 11710 requires a licensed motor vehicle retail dealer to procure and file a bond in the amount of $50,000. Any person who suffers a loss by reason of the dealer's fraud has a right of action against the dealer and the surety on the bond in an amount not to exceed the value of the vehicle purchased. (§ 11711, subd. (a).)

Here, respondent Trenton Pierce made a section 11711 claim on the bond issued by appellant Western Surety Company (Western Surety) to Autorama, a licensed dealer. Western Surety eventually settled with Pierce. Thereafter, the trial court awarded attorney fees to Pierce. The court concluded that Autorama would have been liable for attorney fees if Pierce had successfully sued it on the contract and therefore Western Surety was also liable for

---

[1] All further statutory references are to the Vehicle Code unless otherwise stated.

attorney fees. The court further found that the claims Pierce made under various consumer protection statutes also entitled him to attorney fees from Western Surety.

Western Surety challenges the attorney fees award. Western Surety argues that, because section 11711 does not specifically authorize attorney fees, Pierce is not entitled to such fees by statute. Western Surety further contends that Pierce is not entitled to fees under the retail sales contract because the section 11711 bond is not security for the covenants of the contract. Rather, the bond provides for specific damages for specific fraud.

A surety's liability is commensurate with that of the principal within the express terms of the bond and any applicable statutes. Although the retail sales contract between Pierce and Autorama included an attorney fees provision, Pierce did not sue Autorama on that contract. Rather, Pierce sued for fraud. However, Pierce is entitled to attorney fees through his cause of action against Autorama for violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.). Therefore, the order will be affirmed.

## BACKGROUND

In September 2008, Pierce purchased a 2005 truck from Autorama for approximately $19,700. In March 2009, Pierce filed the underlying complaint for fraud and deceit, negligence, and violation of several consumer protection statutes against Autorama and Western Surety. Pierce alleged that, at the time of purchase, Autorama failed to disclose that the truck had sustained material prior wreck damage. Pierce further alleged that Autorama charged Pierce substantially more than the advertised price of the truck and misrepresented that it would pay off the balance owed on Pierce's trade-in vehicle. Pierce also made a claim against Western Surety on the motor vehicle dealer bond.

Autorama went out of business shortly after the complaint was filed and Pierce took a default judgment against it. Thereafter, Pierce attempted to settle his claim with Western Surety through multiple offers. However, Western Surety summarily rejected these offers and proceeded with discovery requests.

In June 2010, Western Surety settled the issue of the balance owed on Pierce's trade-in vehicle with the lender. Pierce then served a Code of Civil Procedure section 998 offer to compromise for $10,000, excluding attorney fees and costs, on Western Surety. Western Surety accepted this offer.

On Pierce's motion, the trial court awarded attorney fees to Pierce in an amount not to exceed the remaining balance on the bond. The court noted

that section 11711 does not provide for an award of attorney fees to a consumer who is the victim of a motor vehicle dealer's fraud. Nevertheless, because the surety's liability is commensurate with the principal's and the original sales contract had included an attorney fees clause, the court found that Pierce had the right to recover against Western Surety to the same extent that Pierce could have recovered against the dealer. The court further noted Pierce was entitled to attorney fees as the prevailing party on the causes of action under the Consumers Legal Remedies Act, the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.), and the Automobile Sales Finance Act.

## DISCUSSION

■ Section 11710 requires a motor vehicle dealer to procure and file a bond executed by a surety insurer in the amount of $50,000 as a condition of being licensed. This bond is "conditioned that the applicant shall not practice any fraud or make any fraudulent representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency." (§ 11710, subd. (a).) Under section 11711, any person who suffers "any loss or damage by reason of any fraud practiced on him or fraudulent representations made to him by a licensed dealer . . . and such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee . . . then any such person shall have a right of action against such dealer . . . and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from . . . the dealer." (§ 11711, subd. (a).)

Section 11711 is silent on a claimant's right to attorney fees. Therefore, Western Surety argues, attorney fees cannot be awarded. Western Surety asserts that if the Legislature intends for a statutory bond to include an attorney fees award, it includes specific language to that effect.[2]

Western Surety is correct that attorney fees are not recoverable based on section 11711. Each party to a lawsuit must pay his or her own attorney fees except where a statute or contract provides otherwise. (*Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 450 [33 Cal.Rptr.3d 694].) Since section 11711 does not include an attorney fees provision, the prevailing litigant is not entitled to attorney fees by reason of that particular statute.

Nevertheless, section 11711 is not the only applicable statute under these circumstances. As the issuer of the motor vehicle dealer bond, Western Surety

---

[2] Western Surety's request that this court take judicial notice of legislative history pertaining to sections 11710 and 11711 is granted.

is subject to general surety law. (*Schmitt v. Insurance Co. of North America* (1991) 230 Cal.App.3d 245, 255 [281 Cal.Rptr. 261] (*Schmitt*).)

Civil Code section 2808 provides that "[w]here one assumes liability as surety upon a conditional obligation, his liability is commensurate with that of the principal . . . ." In the context of construction bonds, courts have relied on Civil Code section 2808 to award attorney fees to the beneficiaries of these bonds based on the attorney fees provisions in the underlying contracts.

For example, in *Boliver v. Surety Co.* (1977) 72 Cal.App.3d Supp. 22 [140 Cal.Rptr. 259] (*Boliver*), the surety issued a contractor's license bond that did not contain a provision for attorney fees. However, the contract for the construction of a private residence did. When the homeowner successfully sued both the contractor and the surety for a failure of completion and construction defects, the court held that the surety's liability on the bond included the contractor's obligation for attorney fees. Relying on Civil Code section 2808, the court reasoned that if the obligation of the surety is commensurate with the principal, it properly should include the principal's burden of attorney fees as well as the basic liability. (*Boliver, supra*, at pp. Supp. 30–31.) *Boliver* concluded that imposing liability for attorney fees on the surety is appropriate when there exists (a) a construction contract, (b) providing for attorney fees to the successful litigant, (c) supported by a surety bond issued by a third party, even though the surety bond does not specifically provide that the surety is liable for attorney fees. (*Id.* at p. Supp. 32.)

The court in *T&R Painting Construction, Inc. v. St. Paul Fire & Marine Ins. Co.* (1994) 23 Cal.App.4th 738 [29 Cal.Rptr.2d 199] (*T&R Painting*) agreed with *Boliver*'s analysis. The court held that T&R Painting, the subcontractor, could recover from the surety the attorney fees provided for in its subcontract so long as the total recovery, including attorney fees, did not exceed the penal sum of the bond. (*T&R Painting, supra*, at p. 746.) The court noted that the purpose of the bond is to act as "security for the covenants of the underlying contract." (*Id.* at p. 744.) The court emphasized that "Civil Code section 2808 does not distinguish between subcontractors and owners, or between payment and performance bonds. It flatly provides that a surety's liability is commensurate with the liability of its principal." (*Id.* at p. 746.) Similarly, the court in *National Technical Systems v. Superior Court* (2002) 97 Cal.App.4th 415 [118 Cal.Rptr.2d 465] (*National Technical Systems*) held that a subcontractor could recover the attorney fees provided in its subcontract from the surety on the stop notice release bond. (*Id.* at pp. 425–426.)

The trial court relied on the rationale of the above cases in awarding attorney fees to Pierce. The court reasoned that, because the contract between Pierce and Autorama contained an attorney fees provision, Autorama would

have been liable for attorney fees if successfully sued by Pierce and therefore Western Surety was also liable for attorney fees. However, there is a critical distinction between the construction contract cases and the situation here. Unlike the construction bonds, the Western Surety bond was not securing the covenants of the contract. Rather, the Western Surety bond was only securing loss due to Autorama's fraud.

■ The liability of a surety on a bond issued in conformity with sections 11710 and 11711 is determined from the express terms of the bond read in light of those statutes. The statutory provisions are incorporated into the bond. Liability must be found within that bond or not at all. (*Schmitt, supra*, 230 Cal.App.3d at p. 258; *National Technical Systems, supra*, 97 Cal.App.4th at p. 426.)

Here, the bond provided coverage for any monetary loss incurred by a purchaser, seller, or governmental agency as a result of Autorama's fraud or fraudulent representations within the meaning of that term as explained in section 11711 not exceeding the sum of $50,000. Under section 11711, any right of action based on such fraud could not exceed the value of the vehicle purchased from or sold to Autorama.

As discussed above, the trial court found Western Surety was liable for attorney fees based on Autorama's breach of the retail sales contract entered into between Autorama and Pierce for the sale of the 2005 truck. However, Western Surety's bond did not secure against breach of the underlying contract. It only protected against fraud. More importantly, Pierce did not sue on the contract. Pierce sued Autorama for fraud, deceit, negligence and violation of several consumer protection statutes. Accordingly, Pierce was not entitled to attorney fees from Western Surety based on the attorney fees provision in the retail sales contract.

The trial court further noted that the consumer protection statutes that Pierce sued Autorama under, the Song-Beverly Consumer Warranty Act, the Automobile Sales Finance Act, and the Consumers Legal Remedies Act, each include a mandatory attorney fees provision for a prevailing plaintiff. The court concluded that, because Pierce was clearly the prevailing party under these causes of action, he was entitled to attorney fees against Western Surety as well as Autorama.

■ Under the Song-Beverly Consumer Warranty Act, every retail sale of consumer goods includes an implied warranty by the manufacturer and the retail seller that the goods are merchantable unless sold " 'as is' " or " 'with all faults.' " (*Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1303 [95 Cal.Rptr.3d 285].) "When there has been a breach of the implied warranty

of merchantability, a buyer 'may bring an action for the recovery of damages and other legal and equitable relief.' " (*Mocek v. Alfa Leisure, Inc.* (2003) 114 Cal.App.4th 402, 406 [7 Cal.Rptr.3d 546].) However, liability for breach of the implied warranty of merchantability is not equivalent to loss or damage by reason of fraud or fraudulent misrepresentation. Therefore, the Western Surety bond did not provide coverage for violations of this act.

■ Similarly, the Western Surety bond did not provide coverage for violations of the Automobile Sales Finance Act. This act protects motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. (*Nelson v. Pearson Ford Co.* (2010) 186 Cal.App.4th 983, 999–1000 [112 Cal.Rptr.3d 607].) "[E]very conditional sale contract must contain 'in a single document all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness.' " (*Id.* at p. 1000.) An action under this act is on the contract for violation of the full disclosure requirements, not for loss based on fraudulent representations.

■ However, fraudulent representations are among the prohibited acts set forth in the Consumers Legal Remedies Act (CLRA). The CLRA " ' "established a nonexclusive statutory remedy for 'unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.' " ' " (*Wang v. Massey Chevrolet* (2002) 97 Cal.App.4th 856, 869 [118 Cal.Rptr.2d 770].) The purposes of the act are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." (Civ. Code, § 1760.)

Any consumer who suffers any damage as a result of the deceptive business practices enumerated in Civil Code section 1770 may bring an action to recover actual damages, injunctive relief, restitution, punitive damages, and any other relief the court deems proper. (Civ. Code, § 1780.) Additionally, attorney fees are to be awarded to a prevailing plaintiff. (Civ. Code, § 1780, subd. (e).)

Civil Code section 1770 describes 24 separate acts that may constitute a CLRA violation. The conduct that violates section 11711, i.e., fraud or fraudulent representation, falls within the CLRA. For example, CLRA violations include "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another"; "[a]dvertising goods or services with intent not to sell them as advertised"; "[m]aking false or

misleading statements of fact concerning reasons for, existence of, or amounts of price reductions"; and "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not." (Civ. Code, § 1770, subd. (a)(7), (9), (13) & (16).) Therefore, CLRA violations can fall within the terms of a section 11711 bond.

Western Surety asserts that, because most CLRA violations are not also section 11711 violations, Pierce is not entitled to attorney fees. Western Surety argues that there is no indication that section 11711 incorporates the CLRA.

■ However, in this situation attorney fees are not awarded under section 11711. Rather, the award is under the CLRA. Western Surety's liability is commensurate with that of the principal, Autorama, limited by the express terms of the bond and any applicable statutes. Autorama's fraudulent conduct was a violation of the CLRA and also fell within the conduct secured by Western Surety under section 11711. Therefore, as the surety, Western Surety is liable for attorney fees that can be awarded to Pierce as the prevailing plaintiff under the CLRA.

■ This conclusion is not inconsistent with section 11711. While section 11711 does not provide for attorney fees, it does not prohibit an award of attorney fees either. Further, contrary to Western Surety's position, the fact that one effort to amend section 11711 to make attorney fees recoverable was unsuccessful does not indicate a legislative intent to prohibit attorney fees. "[E]ven when the Legislature amends a bill to add a provision, and then deletes that provision in a subsequent version of the bill, this failure to enact the provision is of little assistance in determining the intent of the Legislature." (*American Financial Services Assn. v. City of Oakland* (2005) 34 Cal.4th 1239, 1261–1262 [23 Cal.Rptr.3d 453, 104 P.3d 813].) The Legislature's failure to provide for attorney fees cannot be interpreted as the intent to prohibit attorney fees under all circumstances.

■ As noted above, section 11711 limits the amount of damages payable by Western Surety to the value of the vehicle purchased from Autorama. Nevertheless, a prevailing party is also entitled to costs incurred in pursuing the claim. (Code Civ. Proc., § 1032, subd. (b).) When authorized by contract, statute, or law, attorney fees are allowable as costs. (Code Civ. Proc., § 1033.5, subd. (a)(10).) Here, the attorney fees are authorized by the CLRA. Further, Western Surety's obligation to pay costs under Code of Civil Procedure section 1032 is based on its status as a litigant, not for breach of the condition of the bond. (*Harris v. Northwestern National Ins. Co.* (1992) 6 Cal.App.4th

1061, 1065–1066 [8 Cal.Rptr.2d 234].) Accordingly, the award of attorney fees as an item of costs is not limited by the Vehicle Code section 11711 cap on damages.[3]

 In sum, section 11711 does not provide for attorney fees. Therefore, attorney fees are not recoverable based on that section. However, a surety that issues a bond pursuant to section 11711 is subject to general surety law. Under Civil Code section 2808, a surety's liability is commensurate with that of the principal within the express terms of the bond and any applicable statutes. Thus, if the principal would have been liable for attorney fees based on conduct secured by the bond, the surety is liable for such fees.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to Pierce.

Hill, P. J., and Levy, J., concurred.

A petition for a rehearing was denied July 11, 2012, and appellant's petition for review by the Supreme Court was denied September 12, 2012, S204395. Kennard, J., was of the opinion that the petition should be granted.

---

[3] Pierce argues that the trial court erred in limiting the attorney fees award to the remaining amount of the bond. However, Pierce did not appeal this aspect of the order. Therefore, we lack jurisdiction to review it. (*Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 623 [12 Cal.Rptr.2d 741].)