Filed 3/27/14  Sun v. Electro Medical Instrumentation Corp. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BIANCA SUN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>ELECTRO MEDICAL<br>INSTRUMENTATION CORPORATION<br>et al.,<br><br>    Defendants and Respondents. | G048547<br><br>(Super. Ct. No. 30-2011-00526383)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Venable, William J. Briggs, II, and Witt W. Chang, for Plaintiff and Appellant.

Law Offices of Nigel Burns, Nigel Burns and Erin A. Huang, for Defendants and Respondents.

**INTRODUCTION**

Bianca Sun appeals from a judgment that includes an award of attorney fees to respondents Electro Medical Instrumentation Corporation (Electro Medical) and Jack Beard after respondents prevailed in a jury trial regarding a promissory note with an attorney fee provision. Electro Medical borrowed the money from Sun, and Beard guaranteed the loan. After they won, the trial court awarded respondents approximately $36,000 in attorney fees, and Sun appeals from that portion of the judgment.

Although Sun has identified several issues on appeal, there are really only two issues: whether Electro Medical is entitled to fees at all, and whether Beard is entitled to an award of attorney fees as Electro Medical's guarantor, even though the guaranty itself does not include an attorney fee provision.

Both respondents are entitled to fees, and we affirm the portion of the judgment awarding fees to them.

**FACTS**

Sun sued Beard and Electro Medical on two promissory notes, one for $200,000 and the other for $53,000. As to the latter note, Electro Medical was the borrower, and Beard individually was the guarantor. The loan portion of the note, signed by Beard on behalf of Electro Medical, contained an attorney fee provision; the guaranty did not.[1]

The lawsuit on the notes resulted in a jury verdict for the defense. The jury determined the contract terms were not clear enough "so that the parties could understand what each was required to do." The special verdict form did not distinguish between the two notes.[2]

---

[1] The loan portion included the following provision: "Should suit be brought to enforce or interpret this Promissory Note, jurisdiction and venue shall lie in the Superior Court of the State of California, for the County of Orange. The prevailing party shall be entitled to recover as an element of costs of suit, in addition to other relief afforded, attorney fees and other costs of collection, regardless of whether such suit proceeds to final judgment."
Neither the complaint nor the note for $200,000 is part of the record before us.

[2] Although the record does not include this information, we assume the trial covered both notes.

Both Electro Medical and Beard moved for attorney fees in the amount of $36,602. The trial court continued the hearing on the motion, requiring the moving parties to distinguish between the fees incurred to defend Electro Medical and those incurred to defend Beard. Counsel for the moving parties submitted a supplemental declaration stating that this distinction could not be made; the same efforts would have been required to defend either party. After the second hearing, the court awarded fees in the amount of $36,442. The court stated it was Sun's burden to attack the billing, to show that some of the expenses were incurred by Beard alone and not by Electro Medical or by the two defendants together.

Sun has appealed from the portion of the amended judgment awarding attorney fees, identifying three issues: whether the trial court could award fees pursuant to a contract that the jury found too vague to be enforced; whether the trial court could award fees for services rendered on behalf of a party who was not a party to a contract with a fee provision; and whether Sun or respondents had the burden to distinguish between work performed to defend Electro Medical and work performed for Beard.

## DISCUSSION

We review the legal basis for an award of attorney fees as a question of law. (*PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66, 69.) Sun has identified only questions of law for review in this appeal.

Code of Civil Procedure section 1032 permits a "prevailing party," defined among other alternatives as "a defendant as against those plaintiffs who do not recover any relief against that defendant," to recover costs as a matter of right. (Code Civ. Proc., § 1032, subd. (a)(4).) It is not disputed that respondents were the prevailing parties in the action over the promissory notes. Code of Civil Procedure section 1033.5, subdivision (a)(10)(A), identifies attorney fees authorized by contract as a type of costs.

3

## I.  The Nonexistent Contract

Civil Code section 1717, subdivision (a), provides in pertinent part:  "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶]  Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."  The initial purpose of Civil Code section 1717 was to create mutuality of remedy when a contract had a one-way attorney fee provision.  (See *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1090-1091.)  The statute was then amended to apply to reciprocal fee agreements as well.  (*Id.* at p. 1091; see also *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1143-1146.)  The legislative history thus reflects an intent to establish a uniform treatment of fee recoveries in contract actions.  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 616 (*Santisas*).)

As our Supreme Court has explained, the mutuality of remedy aspect of Civil Code section 1717 takes two forms.  The first transmutes a unilateral attorney fee provision into a mutual fee provision, regardless of the contract language.  The second "is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.'  [Citation.]  Because these arguments are inconsistent with a contractual claim for attorney fees under the same agreement, a party prevailing on any of these bases usually cannot claim attorney fees as a contractual right.  If [Civil Code] section 1717 did not apply in this situation, the right to attorney fees would be effectively unilateral – regardless of the reciprocal wording of

4

the attorney fee provision allowing attorney fees to the prevailing attorney – because only the party seeking to affirm and enforce the agreement could invoke its attorney fee provision. To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, [Civil Code] section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. [Citations.]" (*Santisas, supra,* 17 Cal.4th at p. 611.)

In this case, respondents persuaded the jury that the promissory note Sun tried to enforce – which contained an attorney fee provision – was unenforceable or nonexistent. Civil Code section 1717 therefore permits respondents' recovery of their attorney fees.

Sun argues that Civil Code section 1598[3] precludes an award of attorney fees because the jury found the terms of the promissory note unenforceable for lack of clarity, rendering the note void, citing *Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077. *Yuba Cypress* discusses attorney fee awards in the context of illegal contracts. "Where the object of the contract is illegal, courts generally will not enforce it or lend assistance to a party who seeks to benefit from an illegal act. [Citation.] 'The reason for this refusal is not that the courts are unaware of possible injustice between the parties, and that the defendant may be left in possession of some benefit he should in good conscience turn over to the plaintiff, but that this consideration is outweighed by the importance of deterring illegal conduct. Knowing that they will receive no help from the courts and must trust completely to each other's good faith, the parties are less likely to enter an illegal arrangement in the first place.'

---

[3] Civil Code section 1598 provides: "Where a contract has but a single object, and such object is unlawful, whether in whole or in part, or wholly impossible of performance, or so vaguely expressed as to be wholly unascertainable, the entire contract is void."

5

[Citation.]" (*Id.* at p. 1082.) The court then gave examples of instances when contracts will be enforced or some remedy provided notwithstanding their illegality. (*Id.* at pp. 1082-1083.) And, in fact, the plaintiff in *Yuba Cypress* obtained an attorney fee award even though the contract was illegal. (*Id.* at p. 1083.)

The policy behind refusal to enforce attorney fee provisions in unlawful contracts does not apply to other kinds of void contracts. While it is to be hoped that people will enter into agreements that can be performed and are clearly expressed, deterring failure to do so does not have the same urgency as deterring illegal contracts.

Attorney fee provisions in unenforceable contracts are enforceable, except, as *Yuba Cypress* explains, for provisions in illegal contracts – sometimes. Sun has not explained why the rule should be different for contracts that are unenforceable because they are too vague. She has also cited no authority for a rule for vague contracts different from the rule for other kinds of unenforceable agreements.

Sun's argument on this issue places her in an awkward spot. Although respondents argued the note was unenforceable, this was surely not Sun's position at trial. She was, presumably, trying to enforce it and get her money. Now, however, she has reversed direction into arguing that the note's unenforceability bars a contract-based attorney fee award.

If Sun had defeated respondents' claim that the notes were void, she would have been entitled to attorney fees. (See *Eden Township Healthcare District v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 430 ["[A]warding attorney fees to the party that successfully thwarts the other party's efforts to have a contract declared void at its inception is consistent with the mutuality of remedy doctrine."] Under prevailing Supreme Court authority, the attorney fee provision is enforceable, even though the rest of the contract is not.

6

**II.          Attorney Fees for Beard**

Our Supreme Court has articulated the test determining whether a non-signatory to a contract with an attorney fee provision is eligible for fees under Civil Code section 1717. "Had plaintiff prevailed on its cause of action . . ., defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to [Civil Code] section 1717 now that they have prevailed." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129.) We therefore ask: If Sun had prevailed in her action on the note, would Beard have been liable for attorney fees as the note's guarantor in the absence of an attorney fee provision in the guaranty?

The answer is "yes." Under Civil Code section 2808, "[w]here one assumes liability as surety upon a conditional obligation, his liability is commensurate with that of the principal . . . ."[4] In *National Technical Systems v. Superior Court* (2002) 97 Cal.App.4th 415, 424-425, a subcontractor was entitled to attorney fees from the general contractor's surety pursuant to the fee provision in the construction contract, even though the surety agreement itself had no fee provision. (See also *T&R Paining Construction, Inc. v. St. Paul Fire & Marine Ins. Co.* (1994) 23 Cal.App.4th 738, 744-745; *Boliver v. Surety Co.* (1977) 72 Cal.App.3d Supp. 22, 32; cf. *Torrey Pines Bank v. Hoffman* (1991) 231 Cal.App.3d 308, 326 [guarantors entitled to attorney fees under fee provisions in note and deed of trust after determination that guaranty unenforceable].)

Because Beard would have been individually liable as Electro Medical's surety for Sun's attorney fees if she had prevailed on the note, even though the guaranty

---

[4]      Civil Code section 2787 provides in pertinent part: "The distinction between sureties and guarantors is hereby abolished. The terms and their derivatives, wherever used in this code or in any other statute or law of this state now in force or hereafter enacted, shall have the same meaning as defined in this section. A surety or guarantor is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor. Guaranties of collection and continuing guaranties are forms of suretyship obligations, and except in so far as necessary in order to give effect to provisions specially relating thereto, shall be subject to all provisions of law relating to suretyships in general."

itself had no fee provision, he is entitled to an award of fees now that respondents have prevailed.

**III.        Burden of Proof**

At the first hearing on the fee motion, the trial court asked defense counsel to provide a breakdown of fees between those incurred for the corporation's defense and those incurred for Beard's. Defense counsel then stated they were unable to do so, because the defense of Electro Medical and the defense of Beard could not be separated. The trial court placed the onus on Sun to disentangle the bills.

Sun has argued the trial court erred because the respondents had the burden of proof to distinguish between fees incurred for each defendant; Electro Medical's note had a fee provision, but Beard's guaranty did not, so only Electro Medical was eligible for fees.[5] As we have seen, this argument is incorrect. Beard was entitled to attorney fees as Electro Medical's guarantor, because he would have been liable for fees if Sun had prevailed. There was therefore no need to separate the legal services performed for him from the legal services performed for the corporation.

---

[5] On appeal, Sun has sought to reframe this issue as distinguishing between fees incurred with respect to the $200,000 note, which apparently did not have a fee provision, and fees incurred with respect to the $53,000 note, which did. This is not how the issue was presented to the trial court. Sun argued below only for a distinction between the individual and corporate defendants, not between the notes. We do not consider factual issues raised for the first time on appeal and that could have been presented to the trial court. (See *Hunter v. CBS Broadcasting Inc.* (2013) 221 Cal.App.4th 1510, 1526.)

8

## DISPOSITION

The portion of the judgment awarding attorney fees to respondents is affirmed.  Respondents are to recover their costs on appeal.


BEDSWORTH, ACTING P. J.


WE CONCUR:


FYBEL, J.


THOMPSON, J.

9