Filed 10/6/15  Painter v. Francis Realty, Inc. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| BRENT A. PAINTER et al., | C078106 |
| Plaintiffs and Appellants, | (Super. Ct. No. 174301) |
| v. | |
| FRANCIS REALTY, INC., PROFIT SHARING PLAN et al., | |
| Defendants and Respondents. | |

Once again, plaintiffs Brent Painter and his mother Betty Painter (Betty)[1] appeal from an award of attorney fees to defendants Francis Realty, Inc., Profit Sharing Plan (Francis Realty) and Placer Foreclosure, Inc. pursuant to Civil Code section 1717.[2]  This court reversed the previous order for attorney fees and remanded for the trial court to

---

[1] Because plaintiffs share a surname, we refer to Betty Painter by her first name.

[2] Further undesignated statutory references are to the Civil Code.

1

exercise its discretion to apportion the fee award between the tort and contract claims. (*Painter v. Francis Realty Inc.* (June 23, 2014, C073864) [nonpub. opn.] (*Painter I*).)[3] The trial court determined that plaintiffs' claims "are so interrelated and so inextricably intertwined it would be impossible to separate them" and again awarded defendants $41,350 in attorney fees.

On appeal, plaintiffs contend the trial court failed to follow the directive of *Painter I*, the evidence did not support an award of attorney fees, and it was an abuse of discretion to award the full amount of attorney fees. We find no abuse of discretion and affirm.

## BACKGROUND

*The Underlying Action and First Award of Attorney Fees*

We take the facts of the underlying action and the first award of attorney fees from our opinion in *Painter I*.

"In August 2009, . . . Betty . . . borrowed $550,000 from Francis Realty. The loan was memorialized by a promissory note and secured by a deed of trust against real property in an unincorporated part of Shasta County.

"The promissory note contained an attorney fee clause by which Betty 'promise[d] to pay such sum as the court may fix as attorney's fees' if an 'action be instituted on this Note.' The accompanying deed of trust (entitled 'First Deed of Trust with Assignment of Rents') contains no attorney fee provision.

"Betty defaulted on the note by failing to make the monthly payments it required and Francis Realty recorded a notice of default and election to sell, and notice of trustee's sale.

---

[3] We take judicial notice of the record and opinion in *Painter I*. (Evid. Code, § 452, subd. (d).)

2

"Betty filed for bankruptcy protection, which had the effect of delaying the trustee's sale. Betty then transferred the property to Painter and his wife; Painter and his wife filed for bankruptcy protection, which further delayed the trustee's sale. Eventually, the trustee sale occurred, and Francis Realty purchased the property at the sale.

"Painter and his wife, who lived on the property, refused to vacate and Francis Realty brought an unlawful detainer action against them.

"Betty and Painter then filed the instant action for damages, rescission, and declaratory and injunctive relief against Francis Realty and Placer Foreclosure based on their actions in connection with the foreclosure. The complaint alleges, in summary, that defendants: (1) failed to comply with [Civil Code] sections 2923.5 and 1572 when conducting the foreclosure; (2) fraudulently named Placer Foreclosure as trustee; (3) intentionally and negligently misrepresented that Placer Foreclosure was authorized to conduct the trustee's sale; (4) engaged in fraudulent business practices within the meaning of Business and Professions Code section 17200; and (5) violated the Federal Truth in Lending Act by failing to provide Betty with notice she could rescind the transaction. Finally, Betty and Painter also sought to quiet title the property to themselves, and sought a declaration that Francis Realty had no legal right to authorize foreclosure on the property.

"Betty, Painter, and his wife brought a motion to consolidate the unlawful detainer action with the complaint or, alternatively, to stay the unlawful detainer action. Defendants opposed the motion, and the court denied it. Francis Realty obtained a judgment in the unlawful detainer action and obtained possession of the property. Betty, Painter, and his wife sought an ex parte preliminary injunction enjoining defendants from removing them from the property during the pendency of the action. Defendants opposed the application and the court denied it.

3

"Defendants then moved for summary judgment. Painter's opposition to the motion conceded most of defendants' arguments, but sought to amend the complaint to add a claim that the description of the property secured by the deed of trust erroneously purported to include water rights associated with it.

"The trial court denied Painter's request to amend the complaint and granted defendants' motion for summary judgment." (*Painter I, supra,* at pp. 2-3)

"After their summary judgment motion was granted, defendants filed a memorandum of costs and motion for attorney fees, seeking fees of $41,350 pursuant to section 1717. Defendants' counsel submitted a declaration in support of the motion seeking an award of attorney fees, to which he attached a statement showing what work was performed on the matter and the time billed for each item.

"Betty and Painter opposed the request, filing a motion to strike the motion for attorney fees or, alternatively, to tax costs. They argued no attorney fee award was proper because the complaint was a tort action, not an action 'on the contract' to which section 1717 applies, and the fees sought were excessive." (*Painter I, supra,* at p. 5.)

The trial court granted defendants' request for attorney fees and "determined that defendants' attorney fees claim of $41,350, based on a billing rate of $280 for 147.48 hours spent, to be 'reasonable and necessary.' " (*Painter I, supra,* at p. 5.)

*The Appeal*

Painter appealed from the order awarding attorney fees, contending the award was improper because the underlying complaint sounded in tort, not contract. (*Painter I, supra,* at pp. 1-2.)

We found that the first eight causes of action of the complaint sounded in tort, not contract. Only the ninth cause of action for declaratory relief was an action on the contract entitling defendants to recover attorney fees under section 1717. (*Painter I, supra,* at pp. 7-9.) We stated the general rule that the prevailing party is entitled to attorney fees under section 1717 only for causes of action relating to the contract and

4

"must generally allocate the attorney fees incurred between the causes of action on the contract and causes of action related to noncontract claims, or causes of action based upon contracts that contain no attorney fee provision; and allocation is within the trial court's discretion. [Citations.]" (*Painter I, supra*, at p. 9.)

We also recognized an exception to this general rule where "the various claims are so interrelated it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not [citation]." (*Painter I, supra,* at p. 10.) Defendant argued the trial court *may* have applied this rule. Because the record was silent on this point, we reversed the order and remanded for the trial court "to exercise its discretion to allocate the attorney fees sought by defendants." (*Id.* at p. 11)

*Award of Attorney Fees on Remand*

On remand, the trial court requested supplemental briefing from the parties "on allocation of the attorney fees incurred between the declaratory relief cause of action and the noncontract causes of action and whether the various claims are so interrelated it would be impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not."

Defendants contended the case had essentially one claim: the property should be plaintiffs'. The allegations of the complaint alleged the note--the only contract with an attorney fees clause--was not negotiable, and the issue of the validity of the note ran throughout the entire complaint. Counsel for defendants declared there was no practical way to segregate the work relating to the note because the case was an "indivisible whole."

Plaintiffs responded that defendants refused to respect the decision in *Painter I* that the case was for the most part a tort case. They claimed the note was never at issue.

The trial court agreed with defendants. It noted the various paragraphs of the complaint that addressed the note and alleged its invalidity, paragraphs that were

5

incorporated by reference into almost all the causes of action. The court found the issue of the right to enforce the note permeated the entire complaint. The claims "are so interrelated and so inextricably intertwined it would be impossible to separate them" and again awarded defendants $41,350 in attorney fees.

## DISCUSSION

### I

### *Failure to Follow Directive of* Painter I

Plaintiffs contend the trial court failed to follow the directive of *Painter I*. First, they contend the trial court exceeded its jurisdiction by reopening the case for further argument on allocation of attorney fees. Second, they contend the trial court disregarded stare decisis or law of the case because *Painter I* found eight of the nine causes of action were tort claims.

Plaintiffs' contention fails because they read too much into our opinion in *Painter I*. It is true that we found eight of the nine causes of action were tort claims and defendants prevailed on only one cause of action "on the contract." (*Painter I, supra,* at pp. 7-9.) Further, we noted the general rule that where an action asserts both contract and noncontract claims, section 1717 applies only to the contract claims and the fee award should be apportioned. (*Painter I, supra,* at pp. 9-10.) We also recognized, however, that apportionment is not required were the claims are so interrelated that it is impossible to separate them. (*Id*. at p. 10.) "Attorney fees, however, 'need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to [issues common to all causes of action] qualify for award.' [Citations.] The governing standard is whether the 'issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not . . . .' [Citations.]" (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 829-830.)

6

Because the silent record did not show that the trial court understood the need to determine if apportionment was necessary, or that it exercised its discretion accordingly, we remanded for the trial court to exercise its discretion to allocate attorney fees appropriately. (*Painter I, supra,* at pp. 2, 10-11.) Nothing in *Painter I* required the apportionment of attorney fees or precluded a determination that apportionment was unnecessary. We left the decision as to apportionment of attorney fees to the discretion of the trial court on remand.

The trial court properly responded to our direction. Before determining how or whether to apportion the attorney fees, it first sought briefing from both parties on the issue. This issue was squarely before the court on remand and the court did not exceed its jurisdiction in addressing it. We address the trial court's exercise of its discretion *post*.

II

*Defendants' Entitlement to Attorney Fees*

Plaintiffs contend the evidence does not support an award of attorney fees. The only contract containing an attorney fee provision is the note which states: "If action be instituted on this Note, I, We, the undersigned, promise to pay such sum as the Court may fix as attorney fees." In *Painter* I, we found only the ninth cause of action for declaratory relief was an action on the contract entitling defendants to attorney fees under section 1717. (*Painter I, supra,* at p. 9)

Plaintiffs argue the ninth cause of action for declaratory relief asks for a determination of ownership of the property, not a declaration as to the validity of the note. As we held in *Painter I*, we disagree.

A declaratory relief action that seeks to establish the parties' rights under a contract is an action on a contract within the meaning of section 1717. (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 710-711.) The ninth cause of action seeks a judicial declaration to "ascertain their rights and duties pursuant to the

7

Property and all matters related to and arising from it." The prayer for relief asks for "a declaration of the rights and duties of the parties relative to Plaintiff's Home to determine the validity of the loan, Deed of Trust, and Notice of Default." A determination of "the validity of the loan" necessarily involves the validity of the note that memorialized the loan. "As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of section 1717. [Citations.]" (*Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 455)

### III

#### *Failure to Apportion Attorney Fees*

Our scope of review of the order for attorney fees is narrow. "Once a trial court determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion. [Citations.] We review the court's decisions for abuse of discretion. [Citation.] The court abuses its discretion whenever it exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish that discretion was clearly abused and a miscarriage of justice resulted." (*Carver v. Chevron U.S.A., Inc*. (2004) 119 Cal.App.4th 498, 505.)

It is a "settled proposition that a trial court has discretion to apportion or not apportion attorney fees depending upon the facts and circumstances before it." (*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 628.) "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129-130.) For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37.)

In the trial court, plaintiffs asserted the note was never at issue. The record does not support this claim. As the trial court set forth, the complaint contained several allegations about the note. In paragraph 23 of the complaint, plaintiffs alleged no one other than Betty had any right, title, or interest in the note. In paragraphs 42 and 43, plaintiffs alleged the note was no longer a negotiable instrument. In arguing for an injunction, plaintiffs asserted they were likely to prevail on the merits because the note had been sold and defendants had no right to money due on the note or to foreclose on the property for lack of payment on the note.

We conclude plaintiffs have failed to carry their burden of showing an abuse of discretion in the trial court's failure to apportion attorney fees and costs between the declaratory relief claim and the tort claims. The trial court reasonably could have determined that the issues involved in the declaratory relief claim were " 'inextricably intertwined' " with the issues raised by the tort claims, "making it 'impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units.' " (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111.) As discussed, the validity of the note was an issue in the case. In defeating plaintiffs' claim for declaratory relief, defendants were required to also defeat the tort claims alleging fraud and improper foreclosure. We note in this regard that plaintiffs themselves prayed for attorney fees pursuant to section 1717. The trial court did not abuse its broad discretion in determining the attorney fees could not be apportioned.

## DISPOSITION

The order awarding attorney fees is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

/s/
DUARTE, J.

We concur:

/s/
NICHOLSON, Acting P.J.

/s/
HOCH, J.