[Civ. No. 47893. Second Dist., Div. Four. Oct. 20, 1976.]

SAMUEL SCHLOCKER et al., Plaintiffs and Appellants, v.
THEODORE M. SCHLOCKER et al., Defendants and Respondents.

922

## COUNSEL

Botney, Robbins & Kay and Allen E. Botney for Plaintiffs and Appellants.

Fierstein & Sturman, Harvey Fierstein and Mark I. Rosenberg for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs filed a complaint,[1] in seven causes of action, claiming fraud, breach of contract, rescission and declaratory relief. Of the seven causes of action, only two (the first and fourth) purported to state a cause of action against defendant Marilyn Schlocker. Those causes of action sought recovery from her for fraud in inducing plaintiffs to enter into a contract. Marilyn's motion for a summary judgment was granted and the court included, purportedly under the authority of section 1717 of the Civil Code, an award of attorney fees to her. ▮ Plaintiffs have appealed;[2] we modify the judgment insofar as it awards attorney fees and affirm it as so modified.

Section 1717 of the Civil Code reads as follows:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the

[1]The action proceeded, insofar as this appeal is concerned, on a first amended complaint, herein referred to simply as "the complaint."

[2]Although the notice of appeal is from the entire judgment, no attack is here made on the portion granting summary judgment to Marilyn.

provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

That section gives no authority for the award herein involved. Insofar as Marilyn is concerned, the suit was not, as the statute requires, *on* the contract but in tort for fraud in derogation of the contract. Marilyn's reliance on *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625 [107 Cal.Rptr. 512], is misplaced. In that case, the defendant's wife (who was awarded fees) was sued on allegations that, although not a signatory of the contract, she was liable thereon because of a joint venture between her and her defendant husband, who had signed the document in question. In other words, the wife was sued *on* an alleged contractual liability.

The judgment is modified by deleting so much of the second paragraph on page 2 of the judgment as purports to award attorney fees to Marilyn; otherwise it is affirmed. Appellants shall recover their costs on appeal.

Dunn, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied November 10, 1976.