[L.A. No. 31045. Aug. 31, 1979.]

REYNOLDS METALS COMPANY, Plaintiff and Appellant, v. NORMAN O. ALPERSON et al., Defendants and Respondents.

**COUNSEL**

Adams, Duque & Hazeltine, James L. Nolan and Margaret Levy for Plaintiff and Appellant.

Kranitz, Sarrow, Imerman & Sacks, Jerome H. Sarrow, Goodstein, Copes & Field, Donald A. Dewar and H. Walter Croskey for Defendants and Respondents.

**OPINION**

**CLARK, J.**—Plaintiff appeals from judgment awarding defendants $80,500 attorney's fees. We reverse.

Defendants, shareholders and directors of Titanium Metallurgical, Inc. (TMI), owned and operated a subsidiary, Turner Metals Supply, Inc. (Turner). Plaintiff supplied aluminum goods and products to Turner pursuant to a general line consignment agreement executed in 1971. TMI signed the agreement as guarantor of Turner's payments. The agreement contained no provision for recovery of attorney's fees in the event of breach.

In January 1973, Turner, with TMI as indorser, executed and delivered two promissory notes in the aggregate principal amount of $60,794.12. The notes provided for recovery of collection costs, including attorney's fees limited to 15 percent of the principal amount of the notes, in the event of default.

In 1973, Turner and TMI became insolvent and bankruptcy proceedings commenced. Plaintiff, having extended credit of $823,231.48 to Turner, filed a creditor's claim in the proceedings. Plaintiff also brought this suit seeking to hold defendants personally liable for the debts owed plaintiff by Turner and TMI, claiming defendants were "alter egos" of the two bankrupt companies. Trial proceeded on three causes of action, two on common count and the third upon the two unpaid promissory notes.

After lengthy trial, the court rejected the "alter ego" theory advanced by plaintiff, absolving defendants from personal liability for the obligations of Turner and TMI. In addition, the trial court granted defendants $80,500 in attorney's fees.[1]

The court awarded defendants 100 percent of their legal fees incurred in attachment proceedings, 75 percent of their fees incurred from the commencement of the lawsuit until certain tort causes of action were dismissed, and 100 percent of their remaining fees.

## I. AVAILABILITY OF ATTORNEY'S FEES

■ Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable as costs. (Code Civ. Proc., § 1021; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 24-27 [112 Cal.Rptr. 786, 520 P.2d 10]; *Freeman v. Goldberg* (1961) 55 Cal.2d 622, 625 [12

---

[1]Defendant Alperson sought to recover $39,445 in attorney's fees and was awarded $38,500. Defendant Blivas sought $51,597.50 and was awarded $42,000.

Cal.Rptr. 668, 361 P.2d 244]; *Young* v. *Redman* (1976) 55 Cal.App.3d 827, 834-835 [128 Cal.Rptr. 86].)

Civil Code section 1717 provides in part: "*In any action on a contract,* where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the *parties, the prevailing party, whether he is the party specified in the contract or not,* shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."[2] (Italics added.)

The language of the statute is unclear as to whether it shall be applied to litigants who like defendants have not signed the contract. The section refers to "any action on a contract" thus including any action where it is alleged that a person is liable on a contract, whether or not the court concludes he is a party to that contract. Nevertheless the terms "parties" and "party" are ambiguous. It is unclear whether the Legislature used the terms to refer to signatories or to litigants.

■ Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party (*International Industries* v. *Olen* (1978) 21 Cal.3d 218, 223 [145 Cal.Rptr. 691, 577 P.2d 1031]; *System Inv. Corp.* v. *Union Bank* (1971) 21 Cal.App.3d 137, 163 [98 Cal.Rptr. 735]; Review of Selected 1968 Code Legislation (Cont.Ed.Bar) pp. 35-36), and to prevent oppressive use of one-sided attorney's fees provisions. (*Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 596-597 [97 Cal.Rptr. 30].)

Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.

Attorney's fees were awarded pursuant to section 1717 to a person found not to be a signatory to a contract in *Babcock* v. *Omansky* (1973) 31 Cal.App.3d 625, 633-634 [107 Cal.Rptr. 512]. The defendant prevailed following the plaintiff's allegation she was liable as a coventurer or partner with another defendant who had executed a promissory note

---

[2]Section 1717 also provides: "Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for waiver of attorney's fees is void. [¶] As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

providing for attorney's fees. Concluding that the nonsigning defendant was entitled to attorney's fees, the court reasoned the language of section 1717 was sufficiently broad to include persons who had not signed the contract but were sued on the note and found not to be parties to it. (See *Pas* v. *Hill* (1978) 87 Cal.App.3d 521, 533-536 [151 Cal.Rptr. 98]; *Canal-Randolph Anaheim, Inc.* v. *Wilkoski* (1978) 78 Cal.App.3d 477, 486, fn. 2 [144 Cal.Rptr. 474]; *Schlocker* v. *Schlocker* (1976) 62 Cal.App.3d 921, 923 [133 Cal.Rptr. 485]; *Boliver* v. *Surety Co.* (1977) 72 Cal.App.3d Supp. 22, 29 [140 Cal.Rptr. 259].)

*Arnold* v. *Browne* (1972) 27 Cal.App.3d 386, 398-399 [103 Cal.Rptr. 775] and *Sain* v. *Silvestre* (1978) 78 Cal.App.3d 461, 476 [144 Cal.Rptr. 478] are disapproved insofar as they are inconsistent with our holding here.

Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation (*Kohn* v. *Kohn* (1950) 95 Cal.App.2d 708, 718 [214 P.2d 71]), defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed.

## II. THE AMOUNT

■ Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. (*McKenzie* v. *Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 88-90 [127 Cal.Rptr. 275]; see *Schlocker* v. *Schlocker, supra*, 62 Cal.App.3d 921, 923.) Describing the attorney's fees provision, section 1717 specifically refers to fees "incurred to enforce the provisions of [the] contract." A litigant may not increase his recovery of attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper. In this case, the two promissory notes contained contract provisions for attorney's fees, but no such provision existed in the general line consignment agreement. Accordingly, attorney's fees incurred solely for defending causes of action based on the latter agreement and defending against the tort causes of action are not recoverable.

Conversely, plaintiff's joinder of causes of action should not dilute its right to attorney's fees. ■ Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of

action in which fees are proper and one in which they are not allowed. All expenses incurred with respect to the alter ego issue—common to both the note and the general line consignment agreement—qualify for award.

■ Because the promissory notes contained provision limiting attorney's fees to 15 percent of the amount of the notes ($60,794.12), recovery of fees under section 1717 must be similarly limited. As we have seen, the section establishes a reciprocal right to attorney's fees, and the statutory right should be no greater than the contractual right. The statute refers to "reasonable attorney's fees," and reasonable falls within the fundamental principle of reciprocity.

The trial court erred in failing to observe the 15 percent limitation.

The judgment is reversed for redetermination of attorney's fees.

Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Manuel, J., and Newman, J., concurred.