MEMORANDUM *
Astor Holdings, Inc. and related corporate entities (“Astor”), and Astor’s owner Steven Plotnicki individually, appeal the district court’s order entering judgment after a jury trial in favor of law firms Pascoe & Rafton (“Pascoe”) and Steefel, Levitt & Weiss (“Steefel”) on the law firms’ claims for unpaid fees for legal ser *720 vices. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we affirm in part and reverse in part.[1]
I. Roski III
This court reviews de novo the district court’s grant of summary judgment. Anthem Electronics, Inc. v. Pacific Employers Ins. Co., 302 F.3d 1049, 1054 (9th Cir.2002). The district court did not err in granting Steefel’s and Pascoe’s motions for summary judgment on Astor’s malpractice claims in connection with litigation against Edward Roski (the “Roski III ” litigation).
To prevail on a claim of legal malpractice under California law, the plaintiff must establish the basic elements of negligence: duty, breach of duty, causation, and damages. Nichols v. Keller, 15 Cal. App.4th 1672, 19 Cal.Rptr.2d 601, 607 (1993). Astor claims both Steefel and Pascoe committed malpractice by failing to advise Astor that several of its claims in the Roski III action — which were based on the allegation that Astor’s former business partner Marc Thorpe filed for bankruptcy in bad faith — were preempted by federal bankruptcy law and thus had to be raised in bankruptcy court. Astor, however, failed to present evidence sufficient to establish a genuine issue of material fact as to whether the purported negligence of Pascoe and Steefel caused Astor any damages.[2] Thus, summary judgment was properly granted.
In his declaration filed in opposition to the law firms’ motions for summary judgment, Plotnicki stated: “The action against Roski in New York was predicated upon asserting bad faith filing of bankruptcy against Thorpe and Roski. ASTOR would not have filed [Roski III ] if it had known that bankruptcy related issues were required to be brought in the bankruptcy court.” This conclusory assertion, however, is contradicted by the evidence in the record — particularly given Astor’s continued pursuit of Roski III after the district court held Astor’s claims based on Thorpe’s alleged bad faith bankruptcy filing were preempted — and is insufficient to raise a genuine issue of material fact. See Newman v. County of Orange, 457 F.3d 991, 995 (9th Cir.2006) (“Such conclusory allegations, standing alone, are insufficient to prevent summary judgment.”).
Astor also claims that had it known of the bankruptcy preemption issue, it would have handled its litigation strategy differently, possibly pursuing its claims against Roski in the context of the Thorpe bankruptcy proceedings instead of in federal district court in Roski III. Astor did, however, raise the claim that Thorpe filed for bankruptcy in bad faith to the bankruptcy court — the bankruptcy court ruled against Astor on this claim. Further, Astor’s generalized claim that it suffered damages based on additional, unspecified changes it might have made in its litigation strategy had it been aware of the preemption issue is speculative, and thus is insufficient to create a genuine issue of material fact. See Thompson v. Halvonik, 36 Cal. App.4th 657, 661-62, 43 Cal.Rptr.2d 142 (1995) (“[D]amages [for legal malpractice] may not be based upon sheer speculation or surmise, and the mere possibility or *721 even probability that damage will result from wrongful conduct does not render it actionable.”) (internal citation and quotation marks omitted).
II. Pascoe’s Compromise at Thorpe’s Confirmation Hearing
The district court did not err in granting Pascoe’s motion for summary judgment on Astor’s claim that Pascoe committed malpractice by entering into an unauthorized agreement with Thorpe at the bankruptcy hearing in which Thorpe’s reorganization plan was approved. The district court correctly concluded Astor failed to present any evidence it suffered damages as a result of the purported compromise.
At summary judgment, the only evidence of damages presented by Astor was Plotnicki’s statement that “[i]f Mr. Pascoe had not compromised [Astor’s] position at the bankruptcy plan confirmation, Astor would have appealed any confirmation of Thorpe’s Plan.” As noted by the bankruptcy judge in its June 11, 2001 order denying Astor’s motion to reconsider confirmation, however, Astor did appeal the confirmation. Based on this appeal, Astor successfully obtained a stay of the implementation of Thorpe’s confirmation plan. Only after Plotnicki voluntarily settled with Thorpe did this appeal become moot. Moreover, Astor’s claim on appeal that it somehow would have obtained a better settlement with Thorpe had Pascoe not compromised with Thorpe at the confirmation hearing is based on speculation, and thus is insufficient to create a genuine issue of material fact. See Thompson, 43 Cal.Rptr.2d at 145.
III. Jury Verdict Against Astor
We affirm the jury’s verdict that: (1) neither Pascoe nor Steefel committed malpractice in connection with litigation against Roski in New York (the “New York Action”);[3] and (2) Astor breached its contract with both Pascoe and Steefel by failing to pay their outstanding legal fees. Astor contends the district court’s erroneous summary judgment rulings deprived it of a fair trial on these issues. As discussed supra, however, the district court properly granted the motions for summary judgment to which Astor objects.
IV. Jury Verdict For Pascoe Against Plotnicki Individually
Substantial evidence supports the jury’s verdict for Pascoe against Plotnicki individually. Plotnicki contends: (1) Pascoe did not present sufficient evidence to support the jury’s conclusion that Plotnicki agreed personally to pay Pascoe’s legal fees; and (2) even if Plotnicki agreed to pay Pascoe, he agreed only to pay for Pascoe’s representation of Plotnicki individually; he did not agree to pay for Pascoe’s representation of Astor as well.[4]
*722 William Pascoe testified not only that Plotnicki asked Pascoe to represent him individually, but also that Plotnicki personally told William Pascoe “he would get payment to me” for Pascoe’s unpaid invoices as soon as Plotnicki received sufficient money from one of his businesses in the United Kingdom.
Moreover, nothing in William Pascoe’s testimony limited the amount Plotnicki agreed to pay to include only those fees incurred while representing Plotnicki individually. To the contrary, the statement arose in a conversation in which William Pascoe was discussing his representation of Astor with Plotnicki (specifically, Astor’s settlement agreement with Thorpe). According to William Pascoe’s uncontradicted testimony, Plotnicki never distinguished between Pascoe’s legal fees for the representation of Plotnicki individually and fees for Pascoe’s representation of Astor. Thus, a reasonable juror could conclude Plotnicki personally agreed to pay all of the outstanding fees owed to Pascoe, not just the fees incurred while representing Plotnicki individually.
V. Plotnicki’s Individual Liability to Pascoe for Prevailing Party Attorneys’ Fees
The district court abused its discretion in holding Plotnicki individually liable for Pascoe’s prevailing party attorneys’ fees award. There is no evidence in the record that Plotnicki agreed individually to be subject to the prevailing party attorneys’ fees provision in Astor’s written contract with Pascoe.
Reynolds Metals Co. v. Alperson, 25 Cal.3d 124, 158 Cal.Rptr. 1, 599 P.2d 83, 86 (1979), cited by the district court, is inapposite. In Reynolds, the Supreme Court of California stated a plaintiff who sued a nonsignatory shareholder for breach of a written contract with the corporation under an “alter ego” theory could recover an award of attorneys’ fees under the written contract, pursuant to California Civil Code § 1717(b)(1). Here, the jury was not instructed on alter ego liability. Nor is there substantial evidence in the record that the requirements of alter ego liability were met. Thus, we reverse the award of prevailing party attorneys’ fees against Plotnicki individually.
AFFIRMED in part; REVERSED in part.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the facts are known to the parties, we revisit them only as necessary.

. Although the district court did not rely on this ground in its summary judgment order, this court may affirm the grant of summary judgment on any ground supported by the record. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 860 n. 17 (9th Cir.1995). Astor’s contention that Steefel failed to claim in the district court that Steefel's purported failure to advise Astor of the bankruptcy preemption issue did not cause Astor any damages is incorrect. See Steefel Memorandum in Support of its Motion for Summary Judgment at 24 (contending Steefel's purportedly negligent advice to Astor did not cause Astor to pursue Roski III).

. Because the jury found neither Pascoe nor Steefel committed malpractice in connection with the New York Action, we need not address Astor’s claim that the district court improperly excluded evidence of certain damages (i.e., losses due to Plotnicki's "capitulating” settlement with Thorpe) resulting from this alleged malpractice.

. On appeal, Plotnicki does not contend his alleged oral agreement to pay Pascoe's fees is unenforceable for lack of consideration or because it violates the Statute of Frauds. Nor did Plotnicki object to the jury instructions given by the trial court, which similarly lacked any reference to consideration or a writing requirement. Thus, any potential arguments on these grounds have been waived. See Image Technical Servs., Inc. v. Eastman Kodak Co., 125 F.3d 1195, 1206 (9th Cir. 1997) (waiver by failing to object to jury instructions); Greenwood v. FAA, 28 F.3d 971, 977 (9th Cir. 1994) (waiver by not raising issue in opening brief).