Filed 4/7/21  Ebrahimpour v. Pasco CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MEHRDAD EBRAHIMPOUR et al., | B303983 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC559500) |
| v. | |
| EDWARD PASCO et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Vivoli Saccuzzo and Michael W. Vivoli for Plaintiffs and Appellants.

Law Offices of Roger G. Honey and Roger G. Honey for Defendant and Respondent MGK Consulting, Inc.

Retz & Aldover and Kirk J. Retz for Defendants and Respondents James Marquardt and Kevork Kahwajian.

Plaintiffs and appellants Mehrdad Ebrahimpour and Saeed Ebrahimpour (collectively, appellants) appeal from orders awarding $113,850 in attorney fees through trial to defendant and respondent MGK Consulting, Inc. (MGK), $58,250 to MGK in attorney fees on appeal, and $36,890 in attorney fees on appeal to defendants and respondents James Marquardt and Kevork Kahwajian.[1]  We affirm the trial court's orders.

## BACKGROUND

This is the second appeal in this dispute.  In the prior appeal, appellants and co-plaintiff Edward Pasco[2] challenged the judgment entered against them on their individual and derivative claims for breach of fiduciary duty, judicial dissolution, and usurpation of MGK's corporate opportunities.  (*Pasco v. MGK Consulting* (Mar. 27, 2019, B281144) [nonpub. opn.] (*Pasco*).)  Appellants' derivative claims were based on their status as alleged shareholders of MGK and as members of Sherman Realty, an LLC that owns the real property on which MGK operates its business.  The judgment included the trial court's findings that appellants failed to prove they were shareholders of MGK, that Marquardt or Kahwajian stole MGK's corporate opportunities, that Marquardt should be ousted from Sherman Realty, or that Sherman Realty should be dissolved.  The judgment included attorney fees awards of $113,850 to MGK and

---

[1]    MGK, Marquardt, and Kahwajian are referred to collectively as respondents.

[2]    Pasco is not a party to this appeal.

2

Sherman Realty,[3] and $93,500 to Marquardt and Kahwajian, pursuant to attorney fees provisions in a June 10, 2011 memorandum of agreement concerning MGK (the memorandum of agreement), and in Sherman Realty's operating agreement. We reversed the judgment, but only to the extent that it awarded respondents attorney fees under the Sherman Realty operating agreement. The matter was remanded to the trial court to determine the amount of fees to be awarded solely under the memorandum of agreement. (*Pasco, supra,* B281144.)

The remittitur was issued on May 28, 2019. The trial court set a status hearing that took place on June 3, 2019. At that hearing, appellants' then attorney stated that he intended to file a motion to be relieved as counsel. Counsel for all parties accordingly stipulated to extend the time to file attorney fees motions to August 19, 2019. Based on the parties' oral stipulation, the trial court reset all deadlines to be coordinated with the new hearing date.

On July 25, 2019, MGK filed two motions for attorney fees, one requesting $113,850 in fees incurred through trial and the other requesting $69,150 in fees incurred in the prior appeal. On August 6, 2019, Marquardt and Kahwajian filed a motion requesting $60,155 in attorney fees incurred in the prior appeal.

In their oppositions to the motions, appellants argued that respondents' motions were untimely because they were not filed within 40 days after issuance of the remittitur. Appellants further argued that the fees incurred by respondents should be apportioned equally between claims concerning MGK's memorandum of agreement and claims involving Sherman Realty's operating agreement; and because Sherman Realty's

---

[3] Sherman Realty is not a party to this appeal.

3

operating agreement did not authorize a fee award in this case, appellants should be liable for only one-half of any fees awarded. Appellants also claimed the amounts sought by MGK and by Marquardt and Kahwajian for fees incurred in the prior appeal were duplicative and excessive.

In reply, counsel for respondents submitted a declaration stating that the parties had orally stipulated to an extension of time for filing the attorney fees motions to allow appellants' former attorney to file a motion to be relieved as counsel. At the November 6, 2019 hearing on the attorney fees motions the trial court heard argument from the parties and took the matter under submission.

In written rulings issued on December 3, 2019, and December 4, 2019, the trial court found the attorney fees motions were timely filed because the parties had orally stipulated to an extension of time. The trial court rejected appellants' argument that the fee awards should be apportioned between MGK and Sherman Realty. The court found that appellants' claims "were inextricably intertwined as between Sherman and MGK," that "the same witnesses, documents and evidence were involved and presented as to each of the allegations regardless of [appellants'] legal theory or claim," and that apportionment between Sherman and MGK was neither possible nor appropriate. The trial court found that the $113,850 fee award was reasonable as to MGK. The trial court granted in part MGK's motion for attorney fees on appeal, in the reduced amount of $58,250.

The trial court similarly found that apportionment of the attorney fees on appeal incurred by Marquardt and Kahwajian was not appropriate or possible because the claims asserted against them concerning MGK and Sherman Realty were

4

inextricably intertwined.  The court exercised its discretion to reduce the amount of fees requested and awarded the reduced amount of $36,890 in fees to Marquardt and Kahwajian.

This appeal followed.

## CONTENTIONS ON APPEAL

Appellants contend the attorney fees awards should be reversed because respondents' motions for attorney fees were untimely filed; the trial court erred by not apportioning attorney fees between the memorandum of agreement and the Sherman Realty operating agreement; and the fees awarded were duplicative and excessive.  Appellants further contend this court's decision in the prior appeal, *Pasco, supra,* B281144, vacated the trial court's previous attorney fees award of $93,500 to Marquardt and Kahwajian.  They claim that Marquardt and Kahwajian illegally levied on appellants' bank account to enforce the vacated fee award and ask that we clarify in this appeal that our decision in *Pasco, supra,* B281144 vacated the previous $93,500 fee award to Marquardt and Kahwajian, and that Marquardt's and Kahwajian's failure to file a timely attorney fees motion based on the memorandum of agreement precludes them from recovering any attorney fees incurred through entry of judgment in this case.

## DISCUSSION
### I.  Timeliness

California Rules of Court, rule 3.1702(c), provides that a party claiming attorney fees on appeal must file a motion for fees within the time required for serving and filing a memorandum of costs under rule 8.278(c)(1). Under California Rules of Court, rule

5

8.278(c)(1), a party claiming an award of costs must file a memorandum of costs or a motion seeking such costs within 40 days of the issuance of the remittitur. In the matter presently before this court, the remittitur was issued on May 28, 2019, and respondents' motions for attorney fees and costs were not filed until July 25, 2019 (MGK) and August 6, 2019 (Marquardt and Kahwajian).

The trial court found, however, that the motions were timely under California Rules of Court, rule 3.1702(c)(2), which allows parties in an unlimited civil action to extend the time for filing an attorney fees motion by an additional 60 days. That finding is supported by the record. The trial court's June 3, 2019 minute order reflects the parties' oral stipulation to continue the hearing on the motions to August 19, 2019 and to adjust the briefing schedule in accordance with the new hearing date.

## II. Apportionment

"Once a trial court determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion. [Citations.]" (*Carver v. Chevron U.S.A., Inc.* (2004) 119 Cal.App.4th 498, 505.) An abuse of discretion occurs if the trial court's determination exceeds the bounds of reason given the circumstances before it. (*Ibid.*) Generally, "[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action. [Citations.]. . . . A litigant may not increase his recovery of attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper."

(*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129.) Fees "need not be apportioned," however, "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Id.* at pp. 129-130.) A party prevailing on a contract claim may also recover attorney fees incurred in defending against claims that are inextricably entwined with or necessary to enforce the contract claim. (*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 623; *Siligo v. Castellucci* (1994) 21 Cal.App.4th 873, 877-879; *Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1307.)

The trial court here determined that claims asserted against MGK, Marquardt, and Kahwajian, on the one hand, and against Sherman Realty, on the other, were so inextricably intertwined that it was not possible to fairly differentiate time spent in defending claims as between Sherman Realty and respondents, and that apportionment was not appropriate or possible under the circumstances. Appellants fail to establish that this determination was an abuse of discretion.

## III. Prior fee award to Marquardt and Kahwajian

We do not address appellants' arguments concerning the effect of our decision in the prior appeal, *Pasco, supra,* B281144, on the $93,500 previously awarded to Marquardt and Kahwajian for attorney fees they incurred through trial. That attorney fees award is not at issue in this appeal.

7

## DISPOSITION

The December 3, 2019 and December 4, 2019 orders awarding respondents their attorney fees and costs are affirmed. Respondents shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.

CHAVEZ

We concur:

_____, Acting P. J.

ASHMANN-GERST

_____, J.

HOFFSTADT