Filed 5/22/24  The Regents of the U. of Cal. v. He CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LING HE, <br><br> Defendant and Appellant. | D081233 <br><br><br> (Super. Ct. No. 37-2022-00019284-CU-PT-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Ling He, in pro. per., for Defendant and Appellant.

Lagasse Branch Bell Kinkead, Michael W. Healy, and Shelby K. Craven for Plaintiff and Respondent.

MEMORANDUM OPINION

Ling He appeals from an order dismissing with prejudice a petition for workplace violence restraining order (WVRO) brought against her by the Regents of the University of California (University) under Code of Civil Procedure section 527.8.

Ling He was employed by the University until she was terminated in 2018. She filed a lawsuit against the University over her termination.

In May 2022, the University filed a petition for WVRO against Ling He, seeking protection for two University employees in response to perceived threats made by Ling He and concerns about her mental health. The court granted a temporary restraining order naming the two employees as protected parties. Later, Ling He sent additional threatening messages to the University's counsel, including threats to kill him. The trial court extended the temporary restraining order to include a stay-away order protecting the University's counsel.

After several continuances, the court began conducting an evidentiary hearing on the University's petition on September 1, 2022. Ling He invoked her Fifth Amendment rights and refused to testify. After one of the University employees testified, the hearing was continued to September 13, 2022.

On September 9, 2022, the University filed a request for voluntary dismissal of its petition with prejudice. Half an hour later, Ling He filed an anti-SLAPP motion to strike the WVRO petition. The University filed an opposition arguing that the anti-SLAPP motion was untimely.

At an unreported hearing on September 13, 2022, the court granted the University's request for voluntary dismissal of the action with prejudice. According to the minute order, the court also denied Ling He's request for attorney's fees and found her anti-SLAPP motion to be moot.

Representing herself, Ling He has appealed from the order of September 13, 2022. As best we can tell from her opening brief, the relief she seeks on appeal is an award of attorney's fees and punitive damages against the University for bringing the WVRO petition. However, the WVRO statute

does not authorize recovery of attorney's fees or punitive damages by a prevailing respondent.  (Code Civ. Proc., § 527.8.)  Attorney's fees are not recoverable unless expressly authorized by statute or contract.  (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 127.)  Ling He also did not make any motion for monetary sanctions in the trial court (Code Civ. Proc., § 128.7) and cannot make such a request for the first time on appeal.  (See *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [issues not raised in trial court cannot be raised for first time on appeal].)  Moreover, punitive damages may not be imposed against a public entity (Gov. Code, § 818) and may be recovered as sanctions only against a convicted felon who has brought a frivolous lawsuit against their crime victim (Code Civ. Proc., § 128.7, subd. (f)).

Although attorney's fees are recoverable under the anti-SLAPP statute (Code Civ. Proc., § 425.16, subd. (c)(1)), Ling He has not asserted or demonstrated any error in connection with her anti-SLAPP motion.  As the University notes, her anti-SLAPP motion was not filed within the statutory 60-day deadline (*id.*, subd. (f)) because it was filed 109 days after the University's WVRO petition.  Ling He has not argued on appeal that the trial court abused its discretion by declining to consider her untimely anti-SLAPP motion—nor has she argued that she was entitled to prevail on the merits of the motion.  An appealed order or judgment is presumed correct, and it is the appellant's burden to demonstrate error with reasoned argument and citations to authority.  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  Ling He has failed to meet her burden of demonstrating any error as to the anti-SLAPP motion—or showing any other legal basis for recovery of attorney's fees or punitive damages.

3

## DISPOSITION

The order of September 13, 2022 is affirmed.  The parties shall bear their own costs on appeal.

BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

4