Filed 11/22/24  Dow v. Burrell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ANDREW DOW, | B330855 |
| Plaintiff and Appellant, | Los Angeles County Super. Ct. No. 19CHCV00604 |
| v. | |
| MELVIN JAMES BURRELL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Law Offices of Michael Labrum and Michael Labrum for Plaintiff and Appellant.

Law Offices of Martin S. Kovalsky and Martin S. Kovalsky for Defendants and Respondents.

_____

Andrew Dow purchased a house from Tonette Wright.  Unhappy with the purchase, Dow then sued Wright, her

real estate agent, and various companies with which the real estate agent was connected.  The trial court found against Dow and awarded certain of the defendants attorney fees based on a provision in the purchase agreement and Civil Code section 1717.  Dow appeals this award.  We affirm.

Wright listed her house in Canyon Country for sale with the assistance of her broker Melvin Burrell.  After a few reductions in price and listing the property as a short sale, Dow entered into negotiations with Wright and Burrell.  The process did not go smoothly, with Wright demanding a higher price than that listed and refusing to move out on the agreed upon date.  After Dow took possession of the property, he discovered allegedly undisclosed defects.

Dow sued Wright, Burrell, and Capital Executive Realty, Inc., Lea Crest Realty, and Regal Services Group, escrow and real estate brokerage companies Dow alleged were Burrell's alter egos.  Dow obtained a default against Wright.  Dow dismissed Lea Crest at the beginning of trial.  Trial then proceeded as to Burrell, Capital Executive, and Regal Services, on claims of breach of contract, breach of non-fiduciary duties, breach of fiduciary duties, fraudulent misrepresentation and concealment, and violation of the Unfair Competition Law.  The trial court found for Burrell and his entities on all counts and entered judgment accordingly.

Burrell and his entities then moved for attorney fees under the purchase agreement and Civil Code section 1717.  Paragraph 25 of the purchase agreement states:  "In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer

or Seller, except as provided in paragraph 22A." Section 22A makes a party who refuses to adhere to the agreement's requirement of starting with mediation ineligible for attorney fees. Civil Code section 1717, subdivision (a), states: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Thus, section 1717 provides a reciprocity of remedy where a contract only allows one party to recover attorney fees. (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128 (*Reynolds Metals*).) Case law expanded this concept to non-signatories sued on a contract. (*Ibid.*) A non-signatory sued on a contract including an attorney fees clause is entitled to attorney fees if the signatory would have been entitled to fees if that party prevailed. (*Ibid.*)

Applying this law, the trial court found Burrell and his entities were entitled to fees. The trial court analyzed the operative complaint and noted Dow brought the breach of contract cause of action against all defendants, not just Wright. Dow alleged that all defendants were "the agents and employees" of each other and that "[a]t all times material herein, each Defendant was the agent, servant and/or employee of each of the remaining Defendants, and acting within the purpose, scope and course of said agency, service and employment." In the breach of contract cause of action, Dow alleged breach of paragraph 11A, which states: "Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL

3

FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law." Dow alleged "DEFENDANTS represented, disclosed, and presented to PLAINTIFF that there were no material facts or defects affecting and adversely impacting the market value of the RESIDENCE. PLAINTIFF discovered after taking possession of the RESIDENCE after close of escrow that there were several material facts and defects affecting the RESIDENCE and that DEFENDANTS were well aware of or should have been aware of." "DEFENDANTS failed to timely disclose the material facts and defects that DEFENDANTS were aware of or should have been aware of as required by the AGREEMENT." Dow prayed for "attorney fees as allowed by contract and/or statute."

Dow appeals.

Dow argues the trial court erred in allowing Burrell and his entities to obtain attorney fees. We review the legal basis for an attorney fee award independently. (*Westwood Homes, Inc. v. AGCPII Villa Salerno Member, LLC* (2021) 65 Cal.App.5th 922, 926.) We affirm.

Dow first asserts that the trial court erred in allowing defendants to obtain attorney fees because they are not third-party beneficiaries of the agreement. As Respondents point out, this was not the basis of the trial court's holding and neither the trial court nor the respondents have claimed Burrell and his entities are third-party beneficiaries.

Dow then asserts the trial court erred in finding he would have been entitled to attorney fees if he had prevailed. None of his arguments in this vein has merit.

4

Dow argues the trial court misinterpreted the operative complaint. He states that his allegation that all defendants were agents of each other was mere "inartful" pleading, and he did not intend to include Wright in the list. This argument fails. Dow specifies in other causes of actions which specific defendants they are against. The breach of contract claim, on the other hand, says "Against All Defendants." As discussed above, the particular allegations in that cause of action relate to the conduct allegedly breaching the agreement done by "Defendants." Other allegations in that cause of action identify specific acts done by individual defendants, including that Wright entered the agreement and that Burrell listed the property. Moreover, if indeed Dow intended to bring the breach of contract claim only against Wright, that cause of action should not have gone to trial after Dow obtained default against Wright.

A non-signatory to a contract is entitled to attorney fees under the contract if the signatory would be if they prevailed. (*Reynolds, supra,* 25 Cal.3d 124 at pp. 128–129.) Here, Dow alleged defendants should be liable for violating provisions of the agreement. Not only did Dow bring the cause of action against all defendants and include agency allegations, he included descriptions of the defendants' actions in the allegations specific to the breach of contract cause of action and pursued the cause of action even after Wright was no longer a party to the case. The trial court correctly found that if Dow had prevailed, he would have been entitled to attorney fees under the contract. Therefore, Burrell and his entities were entitled to them when they prevailed.

Relying on a section specific to real estate brokers at the end of the agreement, Dow argues the agreement explicitly

excludes at least Burrell from receiving attorney fees. That paragraph states: "A. Real Estate Brokers are not parties to the Agreement between Buyer and Seller." The purchase agreement identifies the seller's listing firm as Lea Crest, signed for by Burrell. As discussed above, this doctrine applies to non-signatories. That Burrell is not a party to the agreement is irrelevant. Dow still chose to sue Burrell for breach of the agreement.

## DISPOSITION

We affirm the order and award costs to the respondents.

WILEY, J.

We concur:

STRATTON, P. J.

GRIMES, J.

6